(Franklin County Court of Common Pleas.)

HAMILTON & ROCKFELLOW *v.* THE HOME INSURANCE CO. ET AL.

A creditor of an insolvent corporation is not barred of the right to maintain an action un-
der section 3260, Revised Statutes, to enforce against the stockholders of such corpo-
ration their unexhausted statutory liability for the payment of the corporate debts,
by a final decree entered in a former action of the same nature, brought by a creditor
of such corporation, on behalf of all its creditors, and against the same parties who
are defendants to the subsequent action, unless such creditor was an actual party to
such former adjudication, or had notice thereof and an opportunity to become a par-
ty thereto, and refused or neglected to avail himself thereof.

(Decided April, 1895.)

EVANS, J.

This case presents the question whether the plaintiffs are barred by a
former decree of this court. In this action they seek to enforce against such
of the defendants as were holders of the stock of The Home Insurance Com-
pany, their liability under section 3258, Revised Statutes, for the payment
of a judgment obtained by the plaintiffs against The Home Insurance Co.,
an insolvent corporation, which made an assignment of all its property for
the benefit of its creditors, on the 21st of September, 1882. The former de-
cree pleaded as a bar to this action, was entered in this court January 16,
1886, in an action brought by The Bleyer Distilling Company, and Kelley
& Moen, against The Home Insurance Company and the holders of its
stock, said company and its stockholders being also defendants in this ac-
tion. The former action, No. 15,175, was commenced in this court March
28, 1883, and was settled January 16, 1886, and said decree entered pursuant
to the terms of settlement. That action was brought on behalf of the plain-
tiffs therein, and all other creditors of said corporation; and the corporation
and its said stockholders were duly served with process, or appeared
therein.

The settlement and decree were made and entered on behalf of the
plaintiffs therein and all other creditors of the corporation, on the one side,
and on behalf of all the stockholders on the other. By the settlement and
decree the creditors were to receive less than the full amount of their
claims, and judgments were entered against each stockholder for about
thirty per cent. of the par value of the stock held by him; and it was de-
creed that upon payment of said judgments against said stockholders, they
should be discharged from all liability to any and all creditors of said in-
solvent corporation. These judgments have been paid to the receiver ap-
pointed in that action, and the funds distributed pursuant to the decree,
except that one or two of the creditors have so far refused, or neglected, to
receive the amount so decreed to them.

This action is based upon the equitable provisions of sec. 3260, Rev.
Stat. Its object is to enforce against all the defendant stockholders their
liability under the statute, to pay all the debts of the insolvent defendant
corporation. The learned counsel of the stockholders take the position
that, under said section 3260, but one such action can be maintained, and
that all the corporate creditors who were parties to said former action by
representative only, are concluded by the final decree rendered therein,
to the same extent as if they had been actual parties.

Before the enactment of said section 3260, it was held in *Wright* v. *Mc-
Cormack*, 17 Ohio St. 86, and *Umstead* v. *Buskirk*, 17 Ohio St. 113, that the ac-
tion by a creditor to enforce the liability of stockholders should be for the
benefit of all the creditors, and against all the stockholders, and the cor-
poration shall be a party; and that stockholders, whose liability is sought
to be enforced, may insist on their co-stockholders being made parties for

the purpose of a general account, and to enforce from them contribution. All these features of equity practice as thus settled by the Supreme Court, were carried into section 3260, Rev. Stat. This section was not intended to change the practice as thus declared and settled by the Supreme Court, but simply to adopt it in the statute. And the question now before this court must be determined upon a consideration of the doctrine of equity practice applicable to actions of this nature.

A final decree, in an action of the nature contemplated by sec. 3260, is conclusive as to all the corporate creditors who were actual parties to that action, either as plaintiffs or cross-petitioners, and it is equally conclusive as to all such creditors who were parties thereto by representation only, who accepted the benefit of such decree; and also, as to all such creditors who, although not actual parties thereto, had notice of the pendency of the action, and an opportunity to come in and exhibit their claims, but who refused or neglected to do so. But the plaintiffs in this action, Hamilton and Rockfellow, who are now seeking relief, were not actual parties to the former action; they received none of its benefits, were non-residents of Ohio, and had no notice of the former action for more than two years after the final decree thereon was entered. In May, 1881, they brought an action against The Home Insurance Company in the Circuit Court of the City of St. Louis, Mo., to recover a loss under a policy issued by the said company. The company appeared in that action, joined issues with the plaintiffs, and a trial was had, resulting in a verdict and judgment for the plaintiffs, July 10, 1883, for $2,756.16. This judgment was reversed January 29, 1884, by the court of appeals, and on March 21, 1888, the judgment of reversal was reversed, and the judgment of the circuit court affirmed by the Supreme Court of Missouri, and the present action based on this judgment was commenced July 10, 1888.

On the hearing of the present action, testimony was offered to prove that a printed circular had been sent by mail, addressed to Hamilton & Rockfeller, Deadwood, Mo., during the pendency of said former action, advising them of its pendency, etc., but Hamilton and Rockfellow each deny that they ever received such notice.

The facts and circumstances of this case as disclosed by the pleadings and evidence, induce the belief that the decree which the defendants have pleaded in bar in this action, is not conclusive of the rights of Hamilton and Rockfeller in this action. They did not have notice "of the pendency of the former action, have not had a day in court," nor an opportunity to "come in," in the former action and exhibit their claim, and obtain the relief which they should have received. As about seventy per cent. of the stockholders' liability, under the statute, remains untouched, and the plaintiffs have been paid nothing, it is difficult to see what injustice will be done by allowing them to maintain this action. Additional costs, no doubt, will be incurred, but they may be taxed as equity shall require.

(Since this action was commenced, section 3260 has been amended. O. L. Vol. 91, page 88, but the amendment has no application to this action. Revised Statutes, section 79).

The question here is unlike the one decided in *Kerr et al.* v. *Blodgett,* 48 N. Y. 62. In that case, the defendants were assignees of a limited partnership, and one of its creditors was the plaintiff suing in his own behalf, and that of all others who should come in and claim the benefit thereof, and in which action a referee was appointed with power to take and state the account of the assignees, and to report the amount due such creditors as should come in under the order and seek the benefit of the action, and notice was given by publication, made by authority of the court; and in pursuance of such notice, creditors came in and exhibited their demands. An account was taken by the assignees, the referee's report was confirmed by

the court, and the fund in the hands of the assignees was distributed accordingly; and afterwards, a creditor of such partnership brought an action against said assignees for an accounting and relief, and it was held that the assignees were not liable, and that all the creditors were bound by the decree, and that a creditor who failed to come in and prove his claim was so barred, although he had no notice of this action until after the distribution of the trust fund. In that case, the court simply decided that the order of the court for the distribution of the fund in the hands of the assignees, was, in the absence of fraud, sufficient to protect them, and that as between them and the creditors, the latter were concluded by the order of the court, under which the assignees distributed the fund, whether such creditors had notice of such action or not.

In a case like that of *Kerr et al. v. Blodgett et al*, where a creditor has no notice of the action until the entire trust fund in the hands of the assignees had been distributed, and such creditor's failure to come in and prove his claim was not due to his own fault or negligence, he should be permitted to recover his equitable share from those creditors who received more than the amount to which they were justly entitled. *Vide: David* v. *Frowd*, 1 Mylne & K., 200; Story's Eq. Plead., (8th Ed.) sec. 106.

In *Good* v. *Blewitt*, 19 Vessey, Jr., 336, Lord ELDON says: "It is clear, by analogy to the case of creditors, that if they do not come in and are excluded from the benefits of the decree, that does not prevent another bill, having due regard to costs, etc." p. 339.

Mr. Pomeroy, in considering actions by a creditor for himself and others, and the conclusiveness of final judgments therein, in stating his conclusion, says:

"If the prior suit has been terminated, and the question arises in a subsequent controversy, and involves the conclusive effect of the former adjudication upon the class of persons represented by the actual parties, in order that such judgment shall be conclusive upon any one particular person of the class, either in his favor or against him, there must have been the previous formal act on his part of applying to the court, and an order thereon making him a party to the action, so that his name shall have appeared in some manner upon the record; or it must be shown that he had notice of the proceedings, and an opportunity to unite in them, of which he neglected or refused to avail himself." Pom. R. & R., sec. 400. See also secs. 396–399; *Stevens* v. *Brooks*, 22 Wis. 695; *Hallett* v. *Hallett*, 2 Paige, 18.

Having reached the conclusion that the plaintiffs are not estopped, or concluded, by the former action and decree, for the reason that they were not parties thereto, and did not have notice thereof, it necessarily follows from such conclusion, that it is not necessary for them to obtain an order vacating or modifying the decree; and that the provisions contained in Rev. Stat., sec. 5354 *et seq.*, relating to "new trial and other relief after judgment," are not applicable to this action so far as the plaintiffs are concerned.

This is not a proceeding in an action, but is an original action brought under sec. 3260, R. S., and therefore the limitations contained in sec. 5363, Rev. Stat., do not apply. In this action, creditors of The Home Insurance Co., other than the plaintiffs, who are not concluded by the former adjudication, may come in and apply for relief.

The defendant M. F. Wilhere, late partner of the firm of Kelly & Wilhere, of Philadelphia, Pa., on September, 1888, filed in this action his answer and cross-petition, setting up a claim in his favor which accrued May 25, 1882, in consequence of a loss by fire on a policy of insurance issued by The Home Insurance Company to said Kelly & Wilhere. Mr. Wilhere

was a resident of Philadelphia, Pa., and his partner, Mr. Kelly, died December, 19, 1881. On the hearing, evidence was offered tending to prove that while the former action was pending, a printed circular was duly mailed to said Kelly & Wilhere, giving them notice of the pendency of that action, and requesting them to come in, etc.; but Mr. Wilhere denies that he had any notice of said action prior to April, 1888; and I conclude that the evidence fails affirmatively to show that Mr. Wilhere had such notice before April, 1888. But is he guilty of such negligence as will estop him from prosecuting his claim set up in his cross-petition in this action? Negligence will not be presumed; the burden of proving circumstances from which it may be inferred, rests upon the defendant stockholders. As Wilhere had no notice of the former action prior to April, 1888, and had duly presented his claim to Mr. King, the assignee of the Home Insurance Co., and had received payments thereon from the assignee in September, 1883, and in June 1884,—his failure to come in, in the former action, which went to final decree January 16, 1886, and present his claim, I think is hardly sufficient to show that he is, or ought to be concluded by the decree.

Under the ruling of the court, on the hearing, the court was simply to hear and determine whether the former adjudication is a bar to this action, so far as the plaintiffs and the cross-petitioner Wilhere are concerned, and if so, whether the decree in the former action should be vacated, or modified, as prayed for in the petition; and having decided the questions submitted to me on the hearing, all other material issues presented by the pleadings are reserved for further proceeding and adjudication.

*Hon. John W. Noble, H. M. Butler* and *Ira H. Crum,* for plaintiffs.

*Gen. J. Warren Keifer, Judge M. M. Granger* and *Judge Geo. K. Nash,* for defendants.