## Case No. 16,671.

### UNITED STATES v. WHISKEY.

[27 Leg. Int. 84;[1] 11 Int. Rev. Rec. 109; 7 Phila. 603; 17 Pittsb. Leg. J. 91.]

District Court, E. D. Pennsylvania. March 15, 1870.

INTERNAL REVENUE—ILLICIT DISTILLING—INFORMATION OF FORFEITURE—AMENDMENT.

1. On the trial, under an information upon the 48th section of the internal revenue act of 1864 [13 Stat. 223], as amended by the 9th section of the act of 1866 [14 Stat. 98], of a case involving a question of the forfeiture of a still and other apparatus fit to be used for distillation, and other personal property on the premises of the distiller—where no dutiable spirits out of the bonded warehouse, nor any raw materials to be used in the business of distillation, were found at the time of seizure—an amendment of the information, adding counts on the 44th section of the act of 1868 [15 Stat. 142], was allowed.

2. Under an information thus amended a forfeiture incurred before the seizure may be enforceable independently of the state of things existing on the premises at the time of seizure.
[Cited in U. S. v. Cigars, 18 Fed. 150.]

The 48th section of the internal revenue act of 1864, as amended by the act of 1866, provides that all articles on which taxes are imposed, found in the possession or control of any person for the purpose of being sold or removed by him in fraud of the internal revenue laws, or with design to avoid payment of the taxes, may be seized by designated officials, and shall be forfeited; and also all raw materials found in possession of any person intending to manufacture them into articles of a kind subject to tax, for the purpose of fraudulently selling them or with design to evade the payment of the tax; and also all tools, implements, instruments, and personal property whatever, in the place or building, or within any yard or enclosure where such articles or such raw materials are kept. The 44th section of the act of July 20, 1868, enacts that any person who shall carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or any part thereof, shall be fined, and all distilled spirits or wines, and all stills or other apparatus, fit or intended to be used for the distillation of spirits, owned by such person, wherever found, and all distilled spirits or wines and personal property found in the distillery, or in any building, room, yard or enclosure connected therewith, and used with, or constituting part of, the premises, shall be forfeited. The information in this case was drawn with reference to the enactments prior to the act of

1 [Reprinted from 27 Leg. Int. 84, by permission.]

1868; but the transactions in proof were subsequent to its enactment.

When the evidence on both sides had been closed, the claimant's counsel asked the court to charge the jury: (1) That as the *distilled spirits, at the time laid in the libel,* was in a bonded warehouse of the United States, the same, by intendment of law, could not be in the possession of the claimant, in fraud of the act of congress, as alleged in said libel. (2) That as no distilled spirits or other dutiable article was in the possession of the claimant at the time laid in the libel, or raw materials for the purpose of producing distilled spirits, on the premises, the verdict must be for the claimant.

THE COURT (CADWALADER, District Judge), said: If any one count of an information in rem is good in form, and applicable to the case proved, objections to other counts are disregarded. [Locke v. U. S.] 7 Cranch [11 U. S.] 344. If the record is to stand in its present form, I may probably give the instructions requested. But I will not refuse to hear an application to amend by adding a count on the 44th section of the act of July 20, 1868. This section was apparently intended to prevent immaterial questions from interfering with a trial of the merits of cases like the present. On the part of the prosecution, it is alleged orally that the stills, and the other apparatus fit to be used for the distillation of spirits, were owned by a person who carried on the business of a distiller with intent to defraud the United States of the tax on a part of the spirits distilled by him, and were found in his distillery, and that the other articles were found there, and in the enclosure connected therewith, and used with and constituting a part of the premises. If this allegation, which I state in language of the 44th section of the act of 1868, suffices, without any specification of what was done by him in pursuance and execution of such intent, the present information may perhaps be sustainable upon the combined effect of the former statutes and this act, though it were not sustainable upon the former statutes without such aid. But I do not think that a specification of what is alleged to have been done, in execution of the intent, can be dispensed with under the act of 1868, though it might be under the former acts. It is orally specified that in the entries and returns required by the statutes, this distiller falsely represented the quantities of materials used, and of spirits produced, in the business, to be less than the respective actual quantities, knowing them to be less. If this were specifically alleged of record, in a less condensed form of expression, the implied requirements of the 44th section of the act of 1868 might have been fulfilled. But the record contains no such specific allegation.

If I were to let the record stand in its present form, an expensive dilatory litigation, with no useful result, might ensue. If the present informations were sustained, the delay and expense to the United States would nevertheless have been incurred. If the decisions were the other way, the claimant would probably gain nothing, because the very decision would or might show that the proceeding had been misconceived, and that a new information should be filed, or an amendment of the present information allowed.

The question upon the present information is, at least, doubtful. If an application for an amendment is made, it cannot be allowed without giving to the claimant the option of a continuance. But upon the question, whether an amendment should be allowed on this condition, I will hear counsel, if the application is made.

The counsel for the United States applying for leave to amend, and the counsel for the claimant opposing the application, THE COURT said:

The merits of the controversy do not depend upon the state of things existing at the time of the detention or seizure, but upon the question whether a forfeiture had previously been incurred. If it had been incurred, the title of the United States will have relation to the time when it was incurred; and the causes of forfeiture supposed by the seizing officer to have existed are, in that case, immaterial, if any sufficient cause alleged in the information is established by the evidence. The supreme court have often said, in effect, that in such cases the property is not forfeitable because it has been seized, but is seized because it was previously forfeited. In Wood v. U. S., 16 Pet. [41 U. S.] 362, and Taylor v. U. S., 3 How. [44 U. S.] 197, goods imported at New York, where they passed in regular form through the custom house, on valuations there approved by the public appraisers, were seized long afterward, in the latter case at Philadelphia, in the former at Baltimore, in the hands of agents of the respective importers. The goods, in each case, were condemned as forfeitable for fraudulent undervaluation in the invoices upon which they had been entered. In the former case the court said that the success of the fraud, in evading the vigilance of the public officers, so that it is not discovered until after the goods have passed from their custody, does not purge away the forfeiture, although it may render the detection of the offence more difficult and more uncertain. In the latter case (Taylor v. U. S., 3 How. [44 U. S.] 197), the court said: "At the common law any person may, at his peril, seize for a forfeiture to the government; and, if the government adopt his seizure, and institute proceedings to enforce the forfeiture, and

the property is condemned, he will be completely justified; so that it is wholly immaterial, in such a case, who makes the seizure, or whether it is irregularly made or not, or whether the cause assigned originally for the seizure be that for which the condemnation takes place, provided the adjudication is for a sufficient cause. This doctrine was fully recognized by this court in Gelston v. Hoyt, 3 Wheat. [16 U. S.] 247." This rule has been thus enforced in the English court of exchequer. It is nothing more than the rule familiarly applied in the case of a distress. Lord Kenyon said: "l never understood a man was obliged to justify a distress for the cause he happened to assign at the time it was made; if he had a legal justification for what he did, it is sufficient. A man may distrain for rent, and avow for heriot service." 7 Term R. 657, 658.

Leave is given to amend, on condition that the claimant has the privilege to continue the case, or. at his option, to let the trial proceed.

New counts were then added to the information, by way of amendment, which were adapted to the enactments of the 44th section of the act of 1868, or were intended so to be.

The claimant, not asking a continuance, pleaded issuably to the information as amended.

His counsel then further requested the judge to charge the jury: (1) That there is no evidence that distilled spirits were removed to evade the payment of the tax. (2) That, so far as the evidence in this case suggests causes of forfeiture, they did not arise at the time which is propounded in the information, and that the verdict must be for the claimant. (3) That, as no cause of forfeiture are specified in the information, the same cannot be supplied by evidence, and the verdict must be for the claimant. (4) That, if the claimant had notified the assessor that he would close his distillery, and at said time of seizure, which is laid as the time the forfeiture accrued, there were no materials on the premises to be thereafter used in the distillation of spirits, the verdict must be for the claimant.

On which points the court instructed the jury as follows: (1) I cannot give this instruction. There is no evidence tending directly to prove such removal. But if the jury find that the entries in the distiller's book falsely represented the quantity of materials used and of spirits produced to be less than the respective actual quantities, and were known by him, or by those conducting his business, to be so, this is evidence from which the fact of the removal to evade the payment of the tax may be found, if the jury believe the fact to be so. (2) If the causes of forfeiture are truly alleged in the information, the forfeiture was incurred when the acts constituting such causes were committed, provided they were committed after the claimant became the distiller, on or after May, 1869. and before the seizure. Unless they occurred in this interval the verdict should be for the claimant. But the time stated in the information is not otherwise material. (3) The prosecution cannot be maintained, except for the substantial causes which the information specified; and these cannot be supplied by evidence defining or adding to the specification of them in the information. On this third point I give the instruction requested, except that I cannot say "no causes of forfeiture are specified in the information." (4) I give the instruction requested. with the qualification that, if there were on the premises a still and other apparatus fit and intended for the distillation of spirits, the absence of materials to be used in such distillation does not, in itself alone, as matter of law, entitle the claimant to a verdict.