## UNITED STATES *v.* SEVENTY-SIX THOUSAND ONE HUNDRED AND TWENTY-FIVE CIGARS.

## SAME *v.* THIRTY THOUSAND CIGARS.

(*District Court, S. D. New York.* October 8, 1883.)

1. FORFEITURE — REV. ST. § 3397 — ACT MARCH 1, 1879, § 16 — CIGARS — FALSE BRAND.

    Section 3397, Rev. St., as amended by section 16 of the act of March 1, 1879, requires that each of the items mentioned must be branded or impressed upon boxes of cigars before removal from the factory, and for the omission of either item required cigars are forfeited and may be seized in the hands of *bona fide* purchasers.

2. SAME—NUMBER OF FACTORY.

    Where boxes of cigars had impressed upon them all the items required, but the number of the factory was false, *held,* that the section required the factory number to be truly stated, and for not complying therewith the cigars became forfeited.

3. SAME—AMENDMENT OF 1879.

    The amendment of 1879 for the first time required the statement of the factory number, and the omission of a correct statement of the factory number became, by the amendment, a new ground of forfeiture. *Held, therefore,* condemnation could not be had upon this ground, upon an information based upon section 3397 only.

4. SAME—AMENDMENT.

    A jury having been waived, and the case tried by consent before the court, and no further evidence being desired to be put in by the claimant, *held,* that the plaintiff's application to amend the information in substance by inserting a count upon the omission of the factory number under the act of 1879, should be allowed upon terms.

    Forfeiture of Cigars for Violation of Rev. St. § 3397.

    *Elihu Root,* Dist. Atty., and *W. W. Adams,* Asst. Dist. Atty., for the United States.

    *A. J. Dittenhoefer,* for claimants.

    BROWN, J. The above two actions were brought for the condemnation of cigars seized by the revenue officers as forfeited to the government for the violation of section 3397 of the Revised Statutes. That section, as originally enacted, provided that "whenever any cigars are removed from any manufactory or place where cigars are made, without being packed in boxes, * * * or without the proper stamp thereon denoting the tax, or without burning into each box with a branding iron the number of the cigars contained therein, the name of the manufacturer, and the number of the district and the state, * * * they shall be forfeited to the United States."

    By the act of March 1, 1879, § 16, (1 Supp. Rev. St. 446,) the above section was amended so as to read: "Whenever any cigars are removed from any manufactory or place where cigars are made," etc., "without stamping, indenting, burning, or impressing into each box, in a legible and durable manner, the number of the cigars contained therein, the number of the manufactory, and the number of the district and the state, * * * they shall be forfeited to the United States."

    The cigars seized were in proper boxes, properly stamped, and with the words "Factory No. 120, Dist. Fla.," and the number of cigars, legibly and durably impressed upon the boxes, and the stamps were canceled under various dates ranging from July 13, 1882, to December 13, 1882. These brands would signify to purchasers that the cigars were Key West cigars,—a superior brand, commanding a good price in the market.

    The evidence on the trial showed that there was a factory No. 120 in the Florida district, but that these cigars were not manufactured there, and never came from that factory. The brand impressed upon the boxes, as respects the words "Factory No. 120," was therefore proved to be false; and there was no other place of manufacture designated on the boxes or on the stamps. There was no evidence to show where the cigars were in fact made, or from what place or factory they were originally removed, and the information states that this was unknown.

Upon these facts I am of opinion that the cigars were liable to seizure and forfeiture under the act of March 1, 1879, above referred to; not on the ground that that act, or any sections of the Revised Statutes, impose a forfeiture upon boxes of cigars for having false brands upon them, for I am in doubt whether a forfeiture on that ground is clearly declared; but because the boxes do not have impressed upon them the number of the manufactory, as expressly required by the amendment of 1879. This is not a case omitted from the language of the statute, as in *French* v. *Foley*, 11 FED. REP. 801, nor of any ambiguity in the law. The manufactory referred to is plainly the manufactory or place where the cigars are made. The reasonable construction, and the very language of the amendment, leave no possible doubt of that intention of the act. Such is its grammatical reading and meaning. The requirement of the amendment, therefore, is not satisfied by impressing upon the boxes the number of some factory other than that where the cigars are made. So far as respects compliance with the act, the case is the same as if there were no number of any factory impresed upon the boxes at all. The amendment plainly requires that each and all of the items specified must be impressed upon the boxes, and by its literal reading enacts a forfeiture for the omission of any one of the required items. As these cigars must have been made somewhere, and were proved not to have been made at the factory designated, and no other was impressed upon the boxes, it follows necessarily that the boxes have not impressed on them the number of the manufactory where the cigars were made.

It is argued that the government has not proved that the cigars were not properly stamped and branded when removed from the factory where they were made, because it is possible that these cigars were afterwards changed from the original packages into the boxes in which they are now found, and upon which these brands were placed for the purpose of deceiving purchasers as respects the value of the article. The government is not called upon to meet and rebut such a hypothetical possibility. The law requires the boxes of cigars to be marked and stamped at the time and place when and where they are made and packed, and before any removal; and when cigars are found in boxes, with marks and stamps similar to those required by law, the presumption is that those were the marks and stamps put upon the original packages. If any defense could be established through proof of subsequent changes, the burden of proof is upon the defendant.

The case being one of clear violation of the plain meaning and intent of the statute, the cigars were forfeited to the government and liable to be seized wherever found, even in the hands of *bona fide* purchasers. Severe as the result of this law may sometimes be, no other doctrine is compatible with the enforcement of the rights of the government; and purchasers, knowing that such is the law, must protect

themselves, as they are always able to do, by dealing with responsible persons. *U. S.* v. *One Thousand Nine Hundred and Sixty Bags of Coffee,* 8 Cranch, 398; *Henderson's Case,* 14 Wall. 44; *Caldwell* v. *U. S.* 8 How. 366; *U. S.* v. *Fifty-six Barrels, etc.,* 6 Amer. Law Reg. 32.

While the cigars, therefore, were rightly seized as forfeited to the government, it is equally clear that the information in this case, as it stands, is not sufficient to support the condemnation. It contains nine counts, most of them unsustained by any proof. None of the counts are drawn under the amendment of 1879. The count which comes nearest to the facts is the fifth, which charges that the cigars were removed without the boxes having burned into them, with a branding iron, the number of cigars contained therein, the name of the manufacturer, or the number of the district and state. This count is drawn under the section as it stood before the amendment. By the amendment the name of the manufacturer is no longer required. The district and the state, as the proofs show, are branded or impressed upon the boxes, and there is no evidence that the district and the state are not correctly stated. Nothing remains in the information, therefore, to support the condemnation. The only thing in fact lacking in the brand impressed upon the boxes is the true number of the factory where the cigars were made, instead of the false number which is found upon the boxes. The information, however, contains no reference to the number of the factory, and no such statement was required by the law on which the information was drawn. After the proofs were taken, and before the final argument was had before the court, application was made for leave to amend the information by inserting an additional count under the amendment of 1879, or amending the fifth count by referring to the omission of the factory number.

Upon the part of the defense it is urged that it is incompetent for the court to permit such an amendment, on the ground that it is an entirely new cause of action. This question has been carefully considered in revenue cases by WILKINS, J., in the case of *Tiernan's Ex'rs* v. *Woodruff,* 5 McLean, 143, and by SHERMAN, J., in the case of *U. S.* v. *One Hundred and Twenty-three Casks, etc.,* 1 Abb. (U. S.) 575, in which the conclusion arrived at is that, though the amendment would introduce a new cause of action, yet if it corresponds in character with the original count, is kindred in nature, and might have been included within the original declaration, the amendment should be allowed. As the articles, moreover, were rightly seized, the dismissal of the information for error in form would be no ground for restoring the goods seized to the claimant. The purposes of justice, as well as the convenience of the parties, would be promoted by an allowance of the amendment. *U. S.* v. *Whisky,* 11 Int. Rev. Rec. 109; *U. S.* v. *Two Hundred and Six Barrels, etc.,* 3 Int. Rev. Rec. 123.

In the present case, the amendment of 1879 introduces a new ground

for forfeiture, namely, the failure to impress upon the boxes the factory number, *i. e.,* the true factory number.   It is, therefore, in a certain sense, a new and different cause of action; but in its general nature it is entirely similar to the causes of forfeiture previously existing; it adds merely another item in the required details of marking; and the amendment should, therefore, be allowed to conform the pleadings to the facts proved; but as the suit could not be sustained upon the information upon which the parties went to trial, the amendment should not be allowed except on payment of defendant's reasonable expenses upon the trial.   *U. S.* v. *Batchelder,* 9 Int. Rev. Rec. 98.

No further evidence being desired to be put in by the claimant, and, upon the facts proved at the trial, it being admitted that the claimant will be unable to make any further defense upon the amendment of the information, judgment will thereupon be ordered for the plaintiff.

The amount of defendant's costs on amendment will be fixed on the settlement of the order, of which two days' notice may be given.