DANIEL FREEMAN, PLAINTIFF IN ERROR, v. HIRAM P. WEBB ET AL., DEFENDANT IN ERROR.

1. **Petition:** AMENDMENT : ADDITIONAL CAUSE OF ACTION. An additional cause of action, which under the provisions of section 87 of the civil code could have been united with the original cause of action, may be added to, and included in, a petition by amendment.

2. ———. The amended petition, as copied at large in the opinion, *Held,* To state a cause of action.

ERROR to the district court for Gage county. Tried bebefore BROADY, J.

*A. Hardy,* for plaintiff in error.

*Pemberton & Bush* and *Griggs & Rinaker,* for defendants in error.

COBB, J.

In the district court the plaintiff filed his petition against the defendant Hiram P. Webb, as a former county treas-

urer of Gage county, and the other defendants as sureties
on his official bond. The cause of action, consisted of a
breach of the said official bond by the said county treas-
urer, in entering upon a certain block of real estate in said
county, claimed and occupied by the plaintiff, and selling
the house and other improvements thereon, as personal
property, for the purpose of collecting certain taxes claimed
to be due from the plaintiff, etc., to the plaintiff's damage,
etc. The principal defendant, having long since left the
state, was not served with summons in the case, and made
no appearance. The defendants, who were served, de-
murred to the petition, and their demurrer was sustained.
The sustaining of said demurrer is not assigned for error,
but the necessity of thus referring to the original petition
will be apparent as we proceed. The plaintiff having ob-
tained leave of the court to plead over, filed an amended
petition as follows :

"The plaintiff, in this his amended petition, filed by
leave of the court, complains of the above named defend-
ants, and for cause of action alleges,

"First.—That at the general election held in and for
Gage county, Nebraska, on, to-wit, the second Tuesday of
October, 1873, the said defendant, Hiram P. Webb was
elected to the office of county treasurer for the period of
two years from January 1st, 1874.

"Second.—That on the 25th day of October, 1873, said
Hiram P. Webb as principal, and said William Lamb, George
Place, James Boyd, Oliver Townsend, H. F. Cook, Phillip
Gascoign, Jacob Drum, David Read, Joseph Graff, J. L.
Webb, J. F. King, Joseph Saunders, and E. M. Hill, as
sureties, made and delivered to said county of Gage, and
state of Nebraska, at the said county of Gage, their certain
obligation in writing of that date, acknowledging them-
selves to be held and firmly bound unto the county of
Gage and state of Nebraska in the penal sum of eighty
thousand ($80,000) dollars, and which said obligation in

11

writing had a condition thereunder written, and which condition is in the following words, viz.: 'Now, if the said Hiram P. Webb shall render a true account of his office and the doings therein to the proper authorities when required thereby or by law, and shall promptly pay over to the person or officers entitled thereto all money which may come into his hands by virtue of his said office, and shall fully account for all balance of money remaining in his hands at the termination of his office, and shall hereafter exercise reasonable diligence and care in the preservation and lawful disposal of all moneys, books, papers, and sureties or other property appertaining to his said office, and deliver them to his successor or to any person authorized to receive the same; and if he will faithfully and impartially, without fear, favor, fraud, or oppression, discharge all duties now or hereafter required of his office by law, then this bond to be void, otherwise in full force.' A copy of said obligation in writing, and the conditions above recited, duly certified, is hereto annexed, marked exhibit 'A,' and made a part of this amended petition.

"And the said plaintiff further alleges that the said Hiram P. Webb did on the 25th day of October, 1873, take and subscribe to the oath of office as such treasurer as aforesaid, a copy of which said oath is also hereto annexed, marked Exhibit 'B,' and made a part of this amended petition. And that said bond or obligation in writing, with the conditions annexed, was on the 25th day of October, 1873, filed in the office of the county clerk of Gage county, and on the first day of November, 1873, the same was duly approved according to law, and said Hiram P. Webb thereafter duly entered upon the duties of said office and at the time of committing the wrong hereinafter complained of was exercising said duties. And for a first cause of action plaintiff alleges that the said Hiram P. Webb, treasurer as aforesaid, on, to-wit, the 16th day of August, 1874, broke the conditions of said bond and com-

mitted a breach of the conditions thereof, while acting under and by virtue of his said office, in committing the several acts and wrongs hereinafter complained of and fully set forth and described.

"That the said Hiram P. Webb as such treasurer did not faithfully and impartially, without fear, favor, fraud, and oppression, discharge the duties required of his office by law, but that on the contrary said Hiram P. Webb, acting under and by virtue of his office, committed the several acts of fear, favor, fraud, and oppression hereinafter-complained of and fully set forth at the time last aforesaid, and while said bond was in full force. And the plaintiff further alleges that for four years prior to the month of August, 1874, and then, this plaintiff was in quiet and peaceable possession and occupation and claimed to be the owner of a certain block or tract of land in the city (formerly town) of Beatrice, situated and bounded as follows: On the north by Ella street, on the east by Fourth street, on the south by Court street, and on the west by Eighth street, containing about two and one-half acres of land known as Freeman's block, and that said county of Gage also claimed the right of possession of said block of land, but had never had possession of the same adverse to this plaintiff. That during the year 1870, the plaintiff erected upon said premises a dwelling-house, at the cost and of the value of seven hundred dollars, and a privy at the cost and of the value of twenty dollars, and built upon and around said block of land a fence at the cost and of the value of one hundred and fifty dollars, and this plaintiff from that time until the commission of the wrongs hereinafter complained of continued to live and reside in said dwelling-house, upon said premises, with his family, and to occupy the same as a house for himself and family. That on, to-wit, said 16th day of August, 1874, and while the plaintiff and his family were temporarily absent from their said house, the said defendant, Hiram P. Webb, as treasurer of Gage county

aforesaid, acting in his official capacity and under and by virtue of his office, for the purpose and with the intent of fraudulently depriving plaintiff of his rights held under and by virtue of his possession of said block of land, and to oppress and injure the plaintiff and deprive him of his property and home and to get in and obtain possession thereof for the county of Gage, did with his deputy and others acting under his direction, go upon said block of land and there detached said house, privy, and fence from the freehold and carry the same off said block, and under the pretext of collecting delinquent taxes to an amount not exceeding $200, levied upon said house, privy, and fence, and sold the same for the insignificant sum of $102, and delivered the same to the purchaser thereof, who removed the same and thereafter wholly deprived plaintiff thereof; that at the time of said transactions this plaintiff's household goods were in said house, and that the plaintiff had in Gage county aforesaid a large amount of personal property, enough to many times pay all the delinquent taxes claimed by said treasurer from this plaintiff, and that the delinquent taxes in said county then against this plaintiff were assessed largely upon lands that this plaintiff had never owned nor possessed, yet the said defendant, Webb, acting under and by virtue of his office, practiced the fraud and oppression aforesaid upon this plaintiff, which he could not have done but for his office, all contrary to the conditions of said bond, and done with full knowledge of all the facts aforesaid.    That by reason of the premises plaintiff was damaged in the sum of eight hundred and seventy ($870) dollars.

"Second.    And for a second cause of action the plaintiff alleges that said Hiram P. Webb, treasurer as aforesaid, on, to-wit, the said 16th day of August, 1874, further broke the conditions of said bond and committed a breach of the conditions thereof while acting under and by virtue of his said office, in committing the other several acts and

wrongs hereinafter complained of and fully set forth and described. That the said Hiram P. Webb as such treasurer did not faithfully and impartially, without fear, fraud, favor, and oppression, discharge the duties required of his said office by law, but that on the contrary said Hiram P. Webb, after his election to the office of treasurer of Gage county aforesaid, as aforesaid and after he gave the bond (plaintiff's exhibit 'A,' hereto attached and made a part hereof) as aforesaid, and after the same had been duly approved, and while the same was in full force and effect, and after subscribing to and taking the proper oath of office as aforesaid, and while said Webb was acting as the duly elected and qualified treasurer of said county, and while acting under and by virtue of his office, committed the other several acts of fear, favor, fraud, and oppression hereinafter complained of and fully set forth on, to-wit, said 16th day of August, 1874, viz., said 16th day of August, 1874, and while the plaintiff and his family were temporarily absent from said Gage county, and after the commission of the several acts above complained of, the said defendant, Hiram P. Webb, as treasurer of said county, acting in his official capacity, and under and by virtue of his office, by his deputy under his directions, for the fraudulent purpose and with the intent of conveying to his said deputy's friend and chum the wheat and barley hereinafter mentioned and described, for little or no consideration, and to deprive the plaintiff of the same, did seize, levy upon, and sell to said chum, one George Dorsey, seven hundred bushels of wheat of the value of one dollar per bushel, and three hundred bushels of barley of the value of one dollar per bushel, all the property of this plaintiff, and then being in said county, and that to oppress and defraud the plaintiff, said Webb, by his deputy acting, took said Dorsey to plaintiff's premises, whereon was said wheat and barley, for the sole purpose of having him, said Dorsey, bid off the same and obtain the same for a slight consideration,

and at the sale said treasurer, by his deputy acting, threatened and intimidated the only other person (excepting said Dorsey) then there, and in this way oppressed and defrauded the plaintiff by preventing any competition in bidding and by selling the whole of said wheat and barley to said Dorsey for the insignificant sum of $118.44. That to accomplish the aforesaid purpose said treasurer used the power of his office as such treasurer and claimed to be collecting the balance of the delinquent taxes then claimed against this plaintiff that was left unpaid after selling the house, privy, and fence as aforesaid, and plaintiff alleges that the primary cause of his action was to convey said grain to said Dorsey for as little consideration as possible, and that said pretended delinquent taxes were largely assessed upon lands that this plaintiff never owned or possessed, and had been running since the year 1872, and notwithstanding plaintiff at all times between the years 1872 and 1874 had ample personal property in said county, out of which said taxes could have been collected, no attempt was made to collect the same until after this plaintiff had, with his family, temporarily gone out of said county, yet the said defendant Webb, as such treasurer, well knowing all the facts aforesaid, acting under and by virtue of his office, practiced the fraud and oppression aforesaid upon the plaintiff which he could not have done but for his office, all contrary to the express conditions of said bond, under and by which several acts of oppression and fraud, this plaintiff was wholly deprived of all of said wheat and barley and was damaged in the further sum of one thousand dollars.

" And plaintiff further alleges in addition to both of the foregoing causes of action that on, to-wit, the 11th day of May, 1874, he left and deposited with the defendant, Hiram P. Webb, the promissory notes of several parties living in Gage county, to an amount of over $300, and more than enough to pay all taxes in said county against this

plaintiff, all of which and said promissory notes were due and payable between the time they were so deposited with said Webb and the said 16th day of August, 1874, and all of which said notes were worth their face and would have been paid by notifying the makers thereof, yet, notwithstanding, said Webb never notified the makers that he held said notes, nor never attempted to make said taxes out of the same, but held the same and returned the same to plaintiff after his return to this county, upon his order, and thereafter plaintiff, by notifying the makers thereof where said notes were, received full payment of each and every one of said notes.

"Wherefore, and for all of these reasons aforesaid, the plaintiff asks judgment against said defendants for and in the sum of one thousand eight hundred and seventy ($1,-870) dollars, with interest thereon from the 16th day of August, 1874, and for costs of this action."

The plaintiff also set out a copy of the official bond of the said Webb as treasurer of Gage county; but as no question is made on the form of the bond, it is omitted here.

"On the 12th day of June, 1886, the defendants filed a motion in the court below to strike out of the amended petition the second cause of action set out therein, alleging the reason therefor that said cause of action was not included in the original petition, and has since been introduced by amendment of the petition and not otherwise, and that said cause of action is not an amendment to or of plaintff's petition, but is a new, separate, and distinct cause of action attempted to be set up against defendants in favor of plaintiff in addition to the original cause of action set up in the plaintiff's original petition.

"And on the 12th day of June, 1886, the court sustained said motion and struck out of amended petition said second cause of action therein stated.

"On the 12th day of June, 1886, the defendants, except

H. P. Webb, filed a demurrer to the plaintiff's amended petition, in the court below, and stated therein as reason therefor that the facts stated in said amended petition do not constitute a cause of action against said defendents.

"On the 28th day of September, 1886, the court below sustained said demurrer.    After which the court below dismissed said action with costs against the plaintiff."

Thereupon the cause was brought to this court on error ·by the plaintiff, who makes the following assignments of error:

"1.    The court below erred in sustaining defendants' motion to strike out of the amended petition the second cause of action therein stated.

"2.    The court below erred in sustaining the demurrer of the defendants to the plaintiff's amended petition.

"3. The court below erred in dimissing said cause and rendering judgment against the plaintiff of dismissal with costs."

These errors are so closely connected that I deem it most convenient to examine and discuss them together.    In the first place it will be observed that the original petition was confined to the alleged injury committed by the principal defendant against the plaintiff, in entering upon the premises of the plaintiff and selling the house and other improvements of the plaintiff for the purpose of collecting certain taxes claimed to be due and delinquent, etc.    By sustaining the demurrer to this petitition, the district court held that no cause of action was stated therein.    The correctness of this holding is not controverted; but the first question presented is whether, in reconstructing his petition by amendment, the plaintiff was restricted to the identical injury which he had vainly attempted to set out in his original pleading, it will not be denied that in his original petition he could, within certain limits, have set out two or more causes of action.    Has he forfeited that right by his futile attempt?    Without attempting to reconcile

the many conflicting decisions to be found in the reported cases, but endeavoring to follow the dictates of reason and the spirit of the code, I come to the conclusion that upon being permitted to amend, he could bring in any additional cause or causes of action which he could originally have joined with the one which he attempted, unsuccessfully, to plead. Whether he could abandon that one and set up another, or others, without reference to their compatibility with it, is a question which does not arise in this case, and I express no opinion upon it.

By reference to the amended petition, it will be seen that the plaintiff therein set out the original cause of action, supposably in somewhat different language from that of the original petition, and added thereto a second cause of action for the seizing and selling by the said principal defendant Webb, by and through his deputy county treasurer, of a quantity of wheat and barley, the property of the plaintiff, for the purpose of collecting certain taxes then claimed to be owing by the plaintiff, and the unlawful, tortious, and fraudulent manner in which the said Webb, by his said deputy county treasurer, sold the said wheat and barley, to the damage of the plaintiff, etc.

On motion of the defendants the said second cause of action was stricken out by the court on the ground "that the said second cause of action was not included in the original petition filed herein, and has since been introduced by amendment of the petition," etc.

Section 87 of the code of civil procedure is as follows: "The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both when they are included in either of the following classes: *First.* The same transaction or transactions connected with the same subject. *Second.* Contracts express or implied. *Third.* Injuries with or without force to person and property, or either. *Fourth.* Injuries to character. *Fifth.* Claims to

recover the possession of personal property, with or without damages for the withholding thereof. *Sixth.* Claims to recover real property, with or without damages for the withholding thereof, and the rents and profits of the same. *Seventh.* Claims against a trustee by virtue of a contract, or by operation of law."

While it will not be claimed that the pleader was altogether clear or happy in the use of language in constructing the amended petition, yet when read with that liberality and favor due to all pleadings under the code, it will be seen, I think, that the case falls within the meaning of the first subdivision of the section above quoted. The subject matter of the lawsuit was the seizing and selling by the principal defendant Webb of the property of the plaintiff, by virtue of his office of county treasurer, on a warrant or warrants, legal or illegal, for the collection of taxes, real or pretended; and the two transactions—that which is alleged to have been done by the treasurer himself, in respect to the house and other improvements on the block of land, and that which is alleged to have been done by and through the deputy in reference to the wheat and barley, are certainly "transactions connected with the same subject of action." I am equally clear, in my own mind, that the case also falls within the meaning of the third subdivision. This is an action for injuries to property of the plaintiff. Under the third subdivision all such injuries may be united in the same action, whether with or without force, and may also be united not only with each other, but with injuries to the person.

I come to the conclusion, therefore, that the district court erred in striking out the third paragraph or second cause of action, as it is called, from the amended petition.

As to the demurrer, as above intimated, I think, that by a liberal construction of the language of the petition, it may be held to charge, both in the first and second counts, the doing of the acts complained of on the part of the

county treasurer, *virtute officii*. Such was the conclusion to which we all came at the hearing. Such being the case, the petition, even with the second cause of action stricken out, does state a cause of action. It follows, therefore, that the demurrer was erroneously sustained.

The judgment of the district court is reversed, the second cause of action restored to the petition, the demurrer overruled, and the cause remanded for further proceedings in accordance with law.

JUDGMENT ACCORDINGLY.

THE other judges concur.