## BOWEN v. NEEDLES NAT. BANK.

(Circuit Court, S. D. California. February 1, 1897.)

### No. 652.

PLEADING—AMENDMENTS—NEW CAUSE OF ACTION.
A complaint, on bills of exchange, filed by the payee against the drawer, may be amended by joining an additional cause of action based on defendant's promise to pay certain checks of a third party, upon which plaintiff had advanced the amount therein called for, since this is kindred in character to the original causes of action, and might originally have been joined with them.

This was an action at law by Abner T. Bowen against the Needles National Bank on certain bills of exchange. The case was heard on defendant's motion to strike out from the amended complaint certain parts thereof, which set up a new cause of action.

Works & Lee, for plaintiff.
Gardiner, Harris & Rodman and H. C. Dillon, for defendant.

WELLBORN, District Judge. Three causes of action are set up in the original complaint, each on a bill of exchange, of which the plaintiff was the payee and the defendant the drawer. Under a general leave of the court to amend his pleadings, plaintiff filed an amended complaint, which embraces all the matters set forth in the original complaint, together with another, and fourth, cause of action, based upon defendant's promise to pay certain checks of a third party, upon which plaintiff had advanced the amounts therein called for. The pending motion is to strike out this latter part of the amended complaint, on the ground that it introduces a new cause of action. The question is not free from difficulty, and the motion has been submitted

79 F.—4

without citation of authorities or argument. I have made such research, however, as was practicable, and the cases below cited are more nearly in point than any others which I have been able to find. Upon the authority of these cases, I hold that since the new cause of action is kindred in character to the others, and might have been originally joined with them, all being based upon contracts, its introduction by amended complaint is allowable. Tiernan v. Woodruff, 5 McLean, 135, 23 Fed. Cas. 1203; Tilton v. Cofield, 93 U. S. 166; U. S. v. Seventy-Six Thousand One Hundred and Twenty-Five Cigars, 18 Fed. 150; Estee, Pl. & Prac. § 4445; Anderson v. Mayers, 50 Cal. 525; Atkinson v. Canal Co., 53 Cal. 102; Railroad Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877. Motion denied.