## SMITH, Respondent, v. CASTER, Appellant.

### (170 N. W. 156).

(File No. 4437.   Opinion filed December 31, 1918.)

1. **Counterclaims—Suit on Note—Reply by Counterclaims, Departure Under, Tenability—Motion to Strike Reply Counterclaims, Cross-motion to Amend Complaint—Allowing Amendment, Refusing to Strike, Whether Error—Policy of Procedure.**

   In a suit upon a promissory note, in which defendant set up counter-claims, plaintiff replying by admitting certain counter-claims so plead, and setting up contractual counter-claims against the causes of action alleged in defendant's counter-claims; defendant having moved to strike from the reply said counter-claims as constituting a departure from the complaint and as surplusage, and for judgment upon the pleadings, plaintiff, pending said motion, having moved for leave to serve an amended complaint by embracing therein the counterclaims set forth in his reply, trial court having granted the motion to amend, and having denied the motion to strike and for judgment; held, that trial court committed no error in so ruling on the motions; that plaintiff's motion to amend was in effect an abandonment or withdrawal of the original complaint and the reply, and to be permitted to substitute therefor the amended complaint; that the policy of our law is that all causes of action concurrently existing between parties be tried out in one suit wherever practicable, to which end the law concerning amendments should be liberally construed; that while the counterclaims in plaintiff's reply did constitute a departure from the cause of action originally plead, and defendant, with said counterclaims stricken, would have been entitled to judgment upon the pleadings, yet in permitting amendment to complaint, defendant's objections to the reply were cured, and rendered a remedy on the motion to strike the counterclaims, and for judgment, immaterial.

2. **Actions—Joinder of Causes—Amending Complaint, Counterclaims In, Permissibility—Statute.**

   Plaintiff, in a suit upon a promissory note, in which defendant set up counterclaims, may amend the complaint so as to embrace therein causes of action originally plead in his reply; such causes being all of the same class and such as might have been joined in original complaint under Code Civ. Proc., Sec. 144.

3. **Pleadings—Amendments, Allowance, Terms—Statute.**

   Under Code Civ. Proc., Sec. 149, allowing pleadings to be once amended of course, etc., and Sec. 151, authorizing the court in discretion and upon such terms as may be just to allow an answer or reply to be made, etc., the court is authorized, on motion and on terms deemed just, at any time before

trial, to allow plaintiff to amend his complaint in the same manner as he might have done as matter of course without leave under Sec. 149; and this by adding new and independent causes of action in no manner material to the cause of action originally plead, and regardless of whether subsequent pleadings referred thereto; and the reason for the rule contained in Sec. 150, that the amendments sought must be "material to the case," has no application to amendments made by leave of court on motion before trial, under Secs. 149 and 151.

4.   **Pleadings—Amendment—"Other Allegations Material to Case," Distinguished From New Causes of Action—Statute.**

The requirement under Code Civ. Proc., Sec. 150, permitting court to allow any pleading, etc., to be amended "by inserting other allegations material to the case," has no application to that class of amendments made by adding to or joining with original cause of action, entirely new causes of action which might have been joined in original complaint; said clause relating only to that class of amendments which seek to correct or perfect that which had been previously imperfectly alleged.

5.   **Pleadings—Amendments, Liberal Power to Make—Statute.**

Under Code Civ. Proc., Secs. 149 and 151, concerning amendments to pleadings, a broad and comprehensive power to amend is given, including making of any amendments not otherwise prohibited by law by substituting different causes of action of same class for that contained in original complaint, or by adding to the latter other new and different and independent causes of action of the same class.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by C. C. Smith, against G. M. Caster, upon a promissory note; defendant counterclaiming, plaintiff counterclaiming against the latter. From an order allowing plaintiff to serve an amended complaint and denying defendant's motion to strike plaintiff's counterclaims from the reply, and for judgment upon the pleadings, defendant appeals. Affirmed.

*French, Orvis & French,* for Appellant.

*Aikens & Judge,* for Respondent.

(1) To point one of the opinion, Appellant cited:

Driskill vs. Rebbe, 22 S. D. 249. That a plaintiff cannot, under our system of practice, plead in a reply a counterclaim to a counterclaim set up in defendant's answer; citing; Sec. 130 Rev. Code Civ. Proc.; Gull River Lumber Company v. Keefe, 41 N. W. 743, 6 Dak. 160; That such pleading is a departure, and superfluous; citing: Grigsby v. Larson, 124 N. W. 856, 24 S. D. 628.

(3) To point three, Appellant cited:

Mares v. Wormington (N. D.) 79 N. W. 441; Reeder v. Sayre, 70 N. Y. 190; Bliss on Code Pleading (Third Edition), Sec. 429, 31 Cyc. 409.

Respondent cited: Code Civ. Proc. Sec. 144; Brown v. Leigh, 49 N. Y. 78; Bowen v. Needles Nat. Bank, 79 Fed. 49.

McCOY, J.   Plaintiff, by his complaint, in substance alleged that on the 6th day of October, 1913, defendant executed and delivered to the Security State Bank of Dante, S. D., his certain promissory note for $300 due six months after date, with interest at the rate of 8 per cent. per annum before due and 12 per cent. per annum after due; that before the maturity of said note the same was transferred to plaintiff, and that no part of said note has been paid.   To the cause of action alleged in said complaint the defendant interposed an answer, admitting the execution and delivery of said note and denying that the plaintiff became the owner thereof prior to maturity, and by affirmative answer set up five distinct counterclaims, aggregating about $1,810, and interest thereon, and under said counterclaims demanded affirmative judgment against plaintiff for the sum of $1,510, and interest.   Thereafter the plaintiff, by way of reply to the counterclaims contained in defendant's answer, admitted an indebtedness owing to defendant of $725 and interest thereon from specified dates at specified rates, and by said reply the plaintiff also affrmatively alleged three separate and distinct contractual money demand counterclaims against the causes of action alleged in defendant's counterclaims, aggregating amounts in excess of the sums so admitted by plaintiff.

Thereafter the defendant moved the court for an order to strike from said reply the said counterclaims therein contained, upon the ground that said counterclaims constitute a departure from plaintiff's complaint and were surplusage, and that there is no law or rule of pleading in this state which permits the plaintiff to plead and set forth counterclaims in his reply to the answer and counterclaims of the defendant, and also moved the court for judgment upon the pleadings for the sum of $725 and interest, less the sum of $300 and interest, admitted by defendant to be owing by him to plaintiff.   Subsequently, and before decision upon the foregoing motion, the plaintiff moved the court to be permitted to

serve an amended complaint, which amended complaint, in addition to the original cause of action alleged in the first complaint, also alleged three additional causes of action, and being the alleged contractual money demand counterclaims contained in plaintiff's reply to the defendant's answer. The said motions were heard and disposed of by one order of the trial court by which the trial court granted plaintiff's motion to serve and file an amended complaint, and denied defendant's motions to strike the said counterclaims from the reply, and for judgment upon the pleadings, from which order defendant appeals, assigning as error: (1) That the court erred in overruling defendant's motion to strike from plaintiff's reply the said counterclaims; (2) that the court erred in denying defendant's motion for judgment upon the pleadings; (3) that the court erred in making its order permitting plaintiff to serve and file said amended complaint. We are of the view that the learned trial court committed no error in relation to these motions. The motion of the plaintiff to amend the complaint, under the circumstances, was in effect an abandonment or withdrawal of the original complaint and reply. 31 Cyc. 603. It was in effect a motion to be permitted to substitute in place of the original complaint and reply the amended complaint.

[1-4] The policy of our law is that all causes of action concurrently existing between parties be tried out and adjusted in one suit wherever practicable, and for the purpose of attaining that end the law in relation to amendments should be liberally construed. We are of the view that the alleged counterclaims contained in plaintiff's reply did constitute a departure from the cause of action originally pleaded, and that defendant, with said counterclaims striken from the reply, would have been entitled to judgment upon the pleadings; but we are also of the view that the court was entirely right in permitting the amendment to the complaint, which cured the objections made by defendant to the reply, and rendered a ruling on defendant's motion to strike the counterclaims from the reply, and for judgment upon the pleadings, immaterial and of no avail. These causes of action sought to be joined in the amended complaint were all of the same class, and such as might have been joined in the original complaint under section 144, Code of Civil Procedure. The court under sections 149 and 151, Code of Civil Procedure, had the power on motion

and on such terms as to the court seemed just, at any time before trial, to grant leave to plaintiff to amend his complaint in the same manner that plaintiff might have done as a matter of course without leave under section 149. The requirement under section 150 that the amendment, "by inserting other allegations material to the case," has no application to that class of amendments sought to be made by adding to or joining with the original cause of action alleged entirely new causes of action which might have been joined in the original complaint; but this clause relates to that class of amendments which seek to correct or perfect that which had been previously alleged in an imperfect manner. The following authorities seem to sustain this position: 4 Wait's Pr. 657; Brown v. Leigh, 49 N. Y. 78; Freeman v. Webb, 21 Neb. 160, 31 N. W. 656; Bowen v. Bank (C. C.) 79 Fed. 49; United States v. Cigars (D. C.) 18 Fed. 147; Ford v. Ford, 35 How. Pr. (N. Y.) 321; Hochstetter v. Isaacs, 44 How. Pr. (N. Y.) 495; Bigelow v. Dunn, 53 Barb. (N. Y.) 570; Troy & Boston Railway Co. v. Tibbits, 11 How. Pr. (N. Y.) 168; 31 Cyc. 356, 409, 412.

Under sections 149 and 151 a broad and comprehensive power to amend is given which includes the making of any amendments, not otherwise prohibited by law, by substituting one or more different causes of action of the same class for that contained in the original complaint, or by adding to the cause of action contained in the original complaint other new and different and independent causes of action of the same class. In this class of amendments the cause of action set out in the original complaint may be perfectly pleaded, and no further material amendments thereto could possibly be made that would better or improve the same as a pleading, and still the court, under the power to amend given by sections 149 and 151, might, before trial, on motion, and on proper terms, permit an amended complaint, adding new and independent causes of action thereto, although the same were in no manner material to the cause of action contained in the original complaint, and also regardless of whether or not the answer or subsequent pleadings made any reference thereto. The reason for the rule contained in section 150 that the amendment sought must be material to the case has no possible application, and does not and cannot exist as to amendments made by leave of the court on motion

before trial under and by virtue of sections 149 and 151, by adding to or joining with the originally pleaded cause of action new causes of action which might have been properly joined, in the original complaint.

Finding no error in the record, the order appealed from is affirmed.