## NEWTON VS. ALLIS.

Where an action has been brought for damages for the *wrongful* erection and maintenance of a mill dam, and also for an injunction against the further maintenance of such dam, the plaintiff should not be allowed at the trial to amend his complaint, so as to make it conform to the provisions of the mill dam law, and proceed for the recovery of compensation under that law.

ERROR to the Circuit Court for *Fond du Lac* County.

The complaint in this case, which was filed in February, 1859, alleged the *wrongful* erection and maintenance by the defendant, of a mill dam, by means of which the plaintiff's land had been overflowed during six years next before the commencement of the suit, demanding judgment for $5,000 damages, and also that the dam be abated and the defendant

be restrained from maintaining any dam by which the plain- <span style="float:right">June Term,<br>1860.</span>
tiff's land should be overflowed. The answer was, among
other things, that the dam was erected in 1843; that the de-
fendant had always been ready and willing to make com-
pensation for damages, pursuant to the provisions of the
statute in relation to mills and mill dams, but that no pro-
ceeding had been taken under that statute, to obtain such
compensation.

NEWTON
v.
ALLIS.

On the trial the circuit court refused to receive any evi-
dence of the damages sustained by the plaintiff, on the
ground that the action was improperly brought, and could
not be sustained; to which ruling the plaintiff excepted.
The plaintiff then asked leave to strike out of the complaint
"so much of the prayer as sought greater relief than dama-
ges;" which was refused by the court, and the plaintiff ex-
cepted. Judgment of nonsuit.

*Edward S. Bragg*, for plaintiff in error, contended that the
mill dam law prescribed the substance of the complaint, but
not its form, and that the complaint in this case was within
its requirements. R. S., chap. 56, § 5; 11 Mass., 462.   2.
The law applies only to streams "not navigable," and the
defendant had introduced no evidence to show that the
stream in question was of that character. Hence the judg-
ment of nonsuit was granted prematurely.   3. The plaintiff
ought to have damages for a period of time not covered by
the mill dam law. A right of action for those damages ex-
isted at the time of the passage of the act of 1857.

*J. M. Gillet*, for defendant in error:

The repeal of the mill dam law of 1840 did not affect the
right of a party whose land had been injured by the erection
and maintenance of a mill dam while the law remained, to
relief under its provisions. *Stevens vs. Marshall*, 3 Chand.,
222.   The present action is not maintainable under the
existing law; not even for damages resulting from a main-
tenance of the dam while no statute on the subject was
in force. R. S., 1858, chap. 56, §§ 26, 28; *Fisher vs. Hori-
con Iron Co.*, 10 Wis., 351; *Thomas vs. Same*, decided at
the last term of this court, but not reported.

June Term,
1860.

NEWTON
v.
ALLIS.

July 30.

*By the Court*, PAINE, J.   This suit was brought, obviously, as a common law action, for the flowing of the plaintiff's land by the erection of a mill dam.   The judgment demanded was for damages, and a perpetual injunction against maintaining the dam.   While the suit was pending, and after an answer had been put in by the defendant, setting up the mill dam law by way of defense, the decision of this court was announced, holding the mill dam law constitutional.   The plaintiff then claimed that his complaint was sufficient as a proceeding under that law to recover his compensation, and asked leave to amend by striking out his prayer for an injunction, which the court refused.

The only question here presented is, whether he should have been allowed to go on with his action as a proceeding under the statute to recover compensation for the taking of his land.   It may be that the facts averred in the complaint would be sufficient in a proceeding under the statute, but it is obvious that they were averred for an entirely different purpose.   The theory of the common law action was, that the land had been wrongfully flowed, and that the plaintiff was entitled to damages therefor, and to prevent a continuation of the trespass, the equitable and legal relief being sought in one suit under the Code.   The theory of the statutory proceeding is, that the land is lawfully taken for public use, and that the owner is entitled to his compensation.   The one proceeding is different in its entire scope and object from the other, and they are founded upon entirely different rights. This being so, we do not think the party should be allowed to change the one into the other.   He should stand or fall with the right which he made the foundation of his suit. Suppose a party should bring a suit to set aside a contract on the ground of fraud, and the defendant should set up a complete defense to the charge of fraud.   If the complaint happened to contain sufficient facts to show a liability on the contract by the defendant, ought the plaintiff to be allowed to abandon the entire object of his suit, and take a judgment such as he might be entitled to under the contract? We think not.   For that might have been a liability that the defendant never would have contested.   And the same is

true here. If the plaintiff desires to proceed under the statute, he should commence for that purpose.

The judgment must be affirmed, with costs.