## STEVENS vs. BROOKS.

*Amendment of pleading.*

1. An amendment should not be allowed either *at* or *before* trial, which entirely changes the cause of action sued upon.
2. In this case an amendment was properly denied, by which an action at law to recover defendant's alleged share of the costs and expenses of a foreclosure suit would be changed into an action to redeem from a foreclosure sale and compel defendant to surrender possession of the land.
3. Amendments to evade the statute of limitations, not favored.

APPEAL from the Circuit Court for *Dane* County.

This appeal was taken by the plaintiff from an order refusing him leave to amend his complaint. The substance of the complaint (which was of considerable length) will be found in 22 Wis., pp. 696–700. The amendments proposed were substantially as follows: 1. Strike out all allegations (p. 699) *that any sums were due* the plaintiff from the defendant and others for his (plaintiff's) services and expenditures in the previous litigation described in the complaint, or in the purchase from Rogers, James and Farwell, of the interest originally conveyed by Noonan to Field and Ford in the lands which were the subject of that litigation. 2. Strike out the allegation (p. 700) that plaintiff is ready and willing to quitclaim to defendant all interest acquired by him (plaintiff) in the land conveyed by Noonan to defendant, on payment by the latter of his equitable proportion of said expenditures, etc. 3. Strike out the original prayer (p. 700). 4. Add the following averments: That the defendant has not in any way come in under or claimed the benefit of the judgment in the foreclosure action brought by plaintiff and another in May, 1857 (see p. 698, near bottom), nor applied to be made a party to that action; that he is in the possession and occupation of that part of the premises covered by said mortgage which was conveyed to him by Noonan in 1846 (p. 696), and has been in such possession and occupation since the date of that conveyance; that during all that time he has received and enjoyed the rents and profits of the premises, the amount of which is unknown to plaintiff; that plaintiff has been and is ready and willing, and hereby offers, to pay him the balance which may by the court be found due him because of his interest in said mortgage, with reasonable costs, after deducting such rents and profits, and upon the surrender to plaintiff of the premises so possessed and occupied by him. 5. Add a prayer for an accounting to ascertain the extent of defendant's interest in said mortgage,

and the amount due thereon, and the amount of said rents and profits received by defendant, and the balance due defendant after deducting the same; and that plaintiff be permitted to redeem said premises so occupied and held by defendant, on payment of such balance, with reasonable costs, and that thereupon defendant be adjudged to surrender to plaintiff possession of said premises, etc.; and for general relief; and for costs against defendant for unreasonably defending this action.

*Stevens, Lewis & Flower*, for appellant, as to the right to amend, argued that the power of the court to allow amendments is not limited to the statutory grant, but it may allow amendments on equitable grounds in cases beyond the provisions of the statute. 19 Wend. 534; 2 Til. & Sherm. Pr. 1036. The case falls within that provision of section 37, chapter 125, Revised Statutes, which authorizes amendment by inserting "other allegations material to the case," and does not fall within that other provision in the same section which authorizes the court to amend, "when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." It is only in the latter case that the court is restricted from allowing an amendment which changes the nature of the claim or defense. 3 Abb. 86; 22 Barb. 137; 2 Sherm. & Til. Pr. 1036, 1037; How. Code (ed. 1859), 296, 298; Voorhies' Code (ed. 1864), 349, 350. *Before trial*, the greatest liberality is shown in allowing amendments. 7 Wis. 105; 15 id. 641; 16 id. 673; 19 id. 82, 498, 524; *Schieffelin v. Whipple*, 10 id. 81. Counsel further contended that the statute of limitations did not apply to the case.

*B. E. Hutchinson, contra*, cited 1 Code R. (N. S.) 388; 6 How. Pr. 390; 12 Wis. 378; 19 id. 82, 524. He also contended that the complaint, if amended as proposed, would not state a cause of action; and that defendant having been in possession, under a conveyance from the mortgagee, Noonan, for more

than twenty years, the action to redeem could not be maintained.

Dixon, C. J.  The provisions of the statute of amendments are very liberal, and should be liberally construed in furtherance of justice; but to allow the amendment here asked would be going farther than this court has ever gone.  It would, in fact, be to overrule the cases of *Newton v. Allis*, 12 Wis. 378, and *Larkin v. Noonan*, 19 id. 82.  It is true, those were applications for leave to amend made *at the trial*, but before any evidence was given on the part of the plaintiffs.  It is manifest, however, that there can be no reason for distinguishing between such applications and those made *before trial*, where the object of the proposed amendment is to entirely change the cause of action sued upon.  In either case, the plaintiff has an equally efficient and not more expensive remedy, by the commencement of a new suit, unless, indeed, he could gain by the amendment some advantage over the defendant as to some defense he might have to the new cause of action, such, for example, as the plea of the statute of limitations; and if he could gain such advantage, that of itself would be good ground for refusing to permit the amendment.  An amendment which would revive a cause of action by the statute, or preclude the defendant from availing himself of that defense, is not considered to be "in furtherance of justice." *Sheldon v. Adams*, 18 Abb. Pr. R. 405.  The effect of the decisions just above cited, then, is, that there cannot, unless under very extraordinary circumstances, be an amendment of the complaint before or at the trial, on leave asked of the court, by which a new or different cause of action is substituted for that on which the action was commenced.  The plaintiff must discontinue, and begin anew.  And the statute having received this judicial construction, the question here is, whether it shall be adhered to.

We are referred to the case of *Daguerre v. Orser*, 3 Abb.

.Pr. R. 86, in which a somewhat different view was taken of the statute. We are not aware, however, that the doctrine of that case has ever received the sanction of the Court of Appeals. But, be that as it may, we are not inclined to depart from our own decisions, believing it to be quite as important, upon mere questions of practice like this, that the law should be *certainly* settled as that it should be *correctly* settled. If we have mistaken the meaning of the statute, and such amendments should be allowed, it is very easy for the legislature to correct the error; but, as in the meantime no injustice can result to suitors from the construction adopted, it will be adhered to until changed by legislative action.

When this cause was here before, on appeal from the order overruling the demurrer to the complaint (22 Wis. 695), we held that it was an action at law to recover from the defendant his alleged share of the costs and expenses of the foreclosure proceedings and of the other steps taken to perfect the title to the land, and that it could not be regarded either as an action of ejectment or as a suit in equity in the nature of a bill to redeem. The proposition now is, to convert it by amendment into an action to redeem and compel the defendant to surrender possession of the land. Proceedings more opposite in their nature and diverse in their entire scope and operation cannot well be imagined; and we hold that the amendment cannot be made.

*By the Court.* — Order affirmed.