## VLIET VS. SHERWOOD.

PLEADING: CAUSE OF ACTION: AMENDMENT. (1) *The case stated; no abuse of discretion in allowing the amendments.* (2) *Error to strike from complaint averments which state a cause of action.* (3) *Original averments, held bad on demurrer, may be stricken out.*

1. The original complaint, which claimed for plaintiff a *prescriptive* right to a certain flow of water from defendant's reservoir, and alleged obstructions in violation of that right, was held bad by this court on demurrer (35 Wis., 229); and thereupon, by leave of the trial court, the complaint was amended by inserting averments that defendant's dam obstructs the *natural* flow of the water in the stream, the gates being frequently shut so as to entirely cut off the water, except so much as may leak through the dam, while at other times (especially at night and on Sundays) the gates are opened so as to pass a much larger amount of water than the natural flow, thus reducing the water below the top of defendant's waste-weir so that it does not flow over the dam; and that plaintiff is thus deprived of that use of the water at her mill to which she is entitled as a riparian proprietor. *Held,* that there was no abuse of discretion in allowing the amendments under the statute.

2. The averments thus inserted state a cause of action, and none is stated without them; and it was therefore error to strike them out as irrelevant and redundant.

3. The original averments as to plaintiff's *prescriptive* right having been retained in the amended complaint, *it seems* that they might properly have been stricken out as irrelevant and redundant.

APPEAL from the Circuit Court for *Fond du Lac* County.

The original complaint alleged that defendant was obstructing, to plaintiff's injury, the flow of a stream upon which the latter had a flouring mill, alleging a prescriptive right in plaintiff to have the water flow to her mill as it had flowed for more than twenty years past. On demurrer, the complaint was held by this court to be insufficient. See 35 Wis., 229. The cause was remanded, and plaintiff, by leave of the circuit court, amended her complaint by adding certain other allegations, retaining, however, the original allegations as to

the prescriptive right. Defendant moved to strike out certain averments of the amended complaint as irrelevant and redundant. The court sustained the motion as to the following averments:

1. "And the plaintiff further alleges that the said defendant by his said dam obstructs the natural. flow of the water in said stream or outlet, and frequently shuts the gates to his said dam so as to obstruct the flow of water entirely, except so much as may leak through said dam, and at other times, especially at nights and on Sundays, said defendant opens all his gates so as to let pass a much larger quantity of water than would naturally flow in said outlet or stream, thereby reducing the water in his reservoir so far below the top of the waste-weir to his dam that it will not flow over the waste-weir; and said plaintiff alleges that said defendant, by so closing his gates, can and does almost entirely stop the flow of the water in said stream or outlet, and thereby hinder and prevent the plaintiff from the enjoyment of the use of said water at her said mill as she has a legal right thereto. And said plaintiff alleges that each and all of the aforesaid actions and doings of said defendant in shutting off the water, and at other times by the excessive waste of the water in said dam, are and were done solely and only for the purpose and with the design of preventing the natural flow of the water in said stream or outlet to the said mill of the said plaintiff, and to prevent this plaintiff from using said water at her said mill, and are not and were not done by said defendant for the purpose of using the waters upon his own premises."

2. "And the plaintiff further shows to this court and alleges on information and belief, that the natural flow of the waters out of said lake, prior to the erection of the defendant's said dam, would have propelled her said mill to its entire capacity for at least ten or eleven months of the year, and one run of stone for the balance of the time; that the natural flow of said waters, were it not for said dam, would have so pro-

pelled her said mill during the whole time since its erection, and would continue to do so now."

3. " Or, if not entitled to have said waters so to flow to her said mill as last aforesaid, then she claims the legal right, as riparian proprietor, to have the natural flow of the stream, the same as it flowed before the erection of the defendant's said dam."

From the order striking out these averments plaintiff appealed.

*A. B. & H. T. Hamilton*, with *Finches, Lynde & Miller* of counsel, for appellant:

An allegation is redundant when the pleading expresses the same meaning after the matter is expunged as it did before. It is irrelevant when the matter stated therein can by no possibility give or tend to give a right of action, or establish or tend to establish a defense. 6 How. Pr., 70, 475. The allegations here stricken out are neither irrelevant nor redundant. Strike them out, and no cause of action is stated ; allow them to remain, and there is a valid and complete cause of action. They state just the facts which this court, in its former opinion, said the complaint should state. They tender a material issue, and should not be stricken out. See *Green v. Palmer*, 15 Cal., 416 ; *Clark v. Jefferson R'y Co.*, 44 Ind., 263 ; *Averill v. Taylor*, 5 How. Pr., 477 ; *Williams v. Hayes*, id., 470.

*Taylor & Sutherland, contra,* argued that because plaintiff had based her claim to relief upon her prescriptive right, and not her right to have the stream run as it would naturally, if unobstructed, her cause of action upon that theory was complete without any allegation as to the natural flow, or as to its obstruction. All such allegations were, therefore, irrelevant and redundant as to the cause of action first stated, and should be stricken out. It was an attempt on plaintiff's part, by stating two causes of action as one, to compel defendant to answer the same, and prevent a demurrer. If plaintiff had stated in her amended complaint, as a separate cause of action, that she was

entitled to the natural flow of the stream, and that defendant had obstructed it, it would have been proper to strike it out as not being an amendment to her complaint, but as stating a new and different cause of action. *Newton v. Allis*, 12 Wis., 378 ; *Sweet v. Mitchell*, 15 id., 641–644. It is a matter resting in the discretion of the court, whether it will permit plaintiff to mingle in one statement matters which may or do constitute more than one cause of action. And it is no objection to the motion to strike out, that what remains after the motion is granted may be the subject of demurrer, as not constituting a cause of action. See *Wallaer v. Raskan*, 12 How. Pr., 28.

COLE, J. Had the motion to strike been directed to those portions of the second amended complaint which relate to the prescriptive right of the plaintiff to the flow of the water from the defendant's reservoir to her mill in the same manner as it had been accustomed to flow for the past twenty years, we are inclined to think the motion should prevail. We considered the foundation of this claim when the case was here on demurrer, and held that upon the facts stated the plaintiff acquired no such prescriptive right. 35 Wis., 229. Retaining the allegations relating to that right, where the plaintiff seeks relief upon the ground that the defendant wrongfully obstructs the natural flow of the water and interferes with her enjoyment of it as a riparian proprietor, can, as it seems to us, only serve to confuse and embarrass the court and opposite party. Those portions of the complaint, therefore, not being material to the cause of action stated, might properly have been stricken out as irrelevant and redundant matter, had a motion been made for that purpose. But the portions of the complaint which were stricken out were material and essential to show a cause of action. Without them the complaint is insufficient, as before remarked, and no cause of action is stated.

In the allegations which were stricken out, the plaintiff, in substance, charges that the defendant, by his dam, obstructs

the natural flow of the water in the stream; frequently by shutting the gates of his dam so as to entirely obstruct it, except so much as may leak through the dam; at other times, especially on nights and Sundays, by opening his gates so as to let pass a much larger quantity of water than would naturally flow; in this way reducing the water in his reservoir so far below the top of the waste-weir that it does not flow over the same, and thus almost stopping the flow of the water, thereby hindering and preventing the plaintiff from the enjoyment of the use of the water at her mill, which, as a riparian proprietor, she is legally entitled to. There is also an averment, upon information and belief, that the natural flow of the water from the lake, prior to the erection of the defendant's dam, would have propelled the plaintiff's mill to its entire capacity for at least ten or eleven months of the year, and one run of stone the balance of the time; and that the natural flow would now propel her mill, did not the dam obstruct the waters.

These statements have all been stricken out, on the ground that they were irrelevant and redundant. The counsel for the plaintiff insists that such is not the character of the allegations; that they are neither irrelevant nor redundant. The allegations, they claim, cannot be pronounced irrelevant, because they tender a material and necessary issue; nor can they be said to be redundant, since, if they are stricken out, no cause of action remains. And these tests and definitions must be applied, according to the view of counsel, to determine the nature and character of the matter expunged.

We fully agree with counsel in the position that the allegations stricken out were neither irrelevant nor redundant. They are material and essential, constituting the only cause of action. If stricken out, with the exception of some verbal alterations and unimportant changes, the amended complaint will be the same as the original, which has been held bad on demurrer. Nor do we think the order striking out can be jus-

tified on the ground that the amendment substituted another cause of action, or so completely changed the cause of action originally stated that the court had no power to permit it to be made, within the decisions of *Newton v. Allis*, 12 Wis., 378; *Sweet v. Mitchell*, 15 id., 641; *Larkin v. Noonan*, 19 id., 82; *Stevens v. Brooks*, 23 id., 196, and cases of that character, as claimed by defendant's counsel. In the original complaint the charge was, that the defendant was obstructing the flow of the waters from the reservoir, which the plaintiff had acquired a prescriptive right to be supplied with; while by the amendment it is alleged that the defendant obstructs the natural flow of the water, and hinders and prevents the plaintiff from the use and enjoyment of the water at her mill, which, as a riparian proprietor, she is entitled to enjoy. The amendment was made by leave of court, in the exercise of that liberal power vested in it by the statute (13 Wis., 142); and there was no abuse of discretion in permitting it to be made. But the motion to strike out was not based upon the ground that the amendment entirely changed the cause of action, or substituted one cause of action for another, and therefore exceeded the limits of an amendment. The ground of the motion was, that the parts stricken out were irrelevant and redundant. The matter stricken out was certainly not irrelevant, but was pertinent, presenting a most material issue; it was not redundant, because it really contained the only cause of action stated.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded for further proceedings.