# CASES DETERMINED

## *August Term, 1881.*

CARMICHAEL VS. ARGARD.

*May 10 — September 27, 1881.*

EJECTMENT: *(1) Who may maintain.*
AMENDMENT OF PLEADING. *(2, 3) Change of legal to equitable action.*

1. One in the actual and exclusive possession of real estate cannot maintain ejectment against a person not in possession, who claims title thereto.
2. A complaint setting up a purely legal cause of action (as one in ejectment) cannot be amended (either as of course or by leave) so as to set up a cause of action in equity (as one to remove a cloud upon title). But the rule does not apply to an amendment made at the trial to conform the complaint to the proofs, introduced without objection.
3. The right to change the action from one purely legal to one purely equitable cannot be claimed under section 2832, R. S., on the ground of mistake, where there was no mistake of facts, but merely an erroneous belief of counsel that upon the facts a legal action would lie.

APPEAL from the Circuit Court for *Eau Claire* County. The case is thus stated by Mr. Justice TAYLOR:

"This action was commenced by the service of a summons. The defendant appeared, and demanded a copy of the complaint. The complaint served was a complaint in ejectment to recover the possession of certain lots described therein, and was in the form prescribed by section 3077, R. S. The defendant answered, and, among other things, denied that he ever was in the possession of said lot, or any part thereof, and alleged that at the time of the commencement of said action, and for a long time previous thereto, the plaintiff had been and was in the actual possession of said lot, and of the whole

thereof, by his tenant, one August Gutch. Thereupon, and within twenty days after the service of such answer, the plaintiff served upon the defendant's attorney a complaint, called by him an amended complaint, but which was, in fact, a complaint under section 3186, R. S., in which he alleges that he is in the actual possession of said lot, and that the defendant claims title to it by virtue of a tax deed, and then proceeds to set out facts showing that such deed is void, and prays judgment that the plaintiff be given the quiet possession of said lot as against the defendant and all persons claiming under him, etc.

"This complaint was returned by the defendant because it was not an amendment of the first complaint; and afterwards such complaint was, on motion of the defendants, stricken from the files of the court by an order made and entered on the 6th day of January, 1880. After defendants had noticed the action for trial at the March term, 1880, and on the 13th of March, the plaintiff served a notice of motion, with copies of affidavits upon which the same was founded, for leave to file an amended complaint in said action, the same in substance as the amended complaint previously served, and which had been stricken from the files on the motion of the defendant. This motion was dismissed. The cause was tried by the court without a jury, and the plaintiff was nonsuited, and judgment rendered against him for costs. He appeals from the judgment, and assigns for error the making of the order striking his amended complaint from the files, and the order refusing to permit him to file his amended complaint upon his motion."

*J. F. Ellis*, for the appellant.

For the respondent there was a brief by *S. W. McCaslin* and *L. M. Vilas*, and oral argument by *Mr. Vilas.*

The following opinion was filed June 4, 1881:

TAYLOR, J. The appellant insists that he had a right under section 2685 to make and serve the complaint set out in the

proceedings as an amended complaint. This section provides that "any pleading may be once amended by the party of course, without costs and without prejudice to the proceedings already had, at any time before the period for answering expires, or it can be so amended at any time within twenty days after the service of the answer or demurrer to such pleading." The learned counsel for the respondent insists that the complaint served as an amended complaint was not such in fact, but a complaint setting out an entirely different cause of action, both in its nature and substance. The first complaint set out a purely legal cause of action in ejectment to recover the possession of real estate, and the cause of action set out in the amended complaint was an equitable one brought by the party in possession of the realty for the purpose of quieting his title thereto. An action so entirely different in its nature and objects from the action stated in the original complaint, cannot be held to be an amendment of such complaint. The actions are so radically different that, under the old system, when courts of equity and courts of law were presided over by different judges, the court of law would have had no jurisdiction to try the action set out in the amended complaint, and the court of equity would have had none to try the action set out in the original.

This court has, we think, settled the question against the appellant. It has frequently held that a complaint in an action at law cannot be amended by substituting therefor an action in equity, not even when the facts stated would sustain either action; and it has also held that a complaint for a tort cannot be amended by substituting an action upon contract. See *Lawe v. Hyde*, 39 Wis., 345; *Johnson v. Filkington*, id., 62–67; *Lane v. Cameron*, 38 Wis., 603–7; *Supervisors of Kewaunee County v. Decker*, 34 Wis., 378; *Lackner v. Turnbull*, 7 Wis., 105; *Newton v. Allis*, 12 Wis., 378; *Sweet v. Mitchell*, 15 Wis., 641; *Larkin v. Noonan*, 19 Wis., 82; *Stevens v. Brooks*, 23 Wis., 196. It will be seen by an exam-

ination of the authorities, that a much more liberal rule is extended to the defendant in permitting amendments of his answer. The reason for a more liberal rule as to defendant's answer is based upon the fact that if he fails in his defense there is no opportunity given him to establish his right thereafter, but if the plaintiff fails to set out his cause of action properly in his complaint, he is at liberty to discontinue the same, and can commence again, and in such new action set out his cause of action properly. The only injury he sustains by his misstating his cause of action in his first complaint is the payment of a small bill of costs; whereas the misstatement of a defense is irremediably fatal to the rights of the defendant unless he be permitted to amend and set out his true defense. So also the rule is more liberal in allowing the plaintiff to amend his complaint on trial, when the evidence of his rights is received without objection on the part of the defendant, and the rights of the plaintiff as shown by the evidence are litigated by the defendant without raising any objection as to the sufficiency of the pleadings. It must be held as settled, by the decisions of this court, that the plaintiff cannot amend his complaint, either of course, under the section of the statute above cited, or by leave of the court, on application for that purpose before trial, so as to substitute a cause of action in equity for one at law, or one on contract for one in tort, or *vice versa*. Such substitution of causes of action is not an amendment within the meaning of the statute authorizing amendments.

It is insisted by the learned counsel for the appellant, that the court should have allowed him to serve and file the complaint as proposed, upon his application and the affidavits presented showing that it was the original intention to commence an action to avoid the tax deed set out in the proposed complaint, and that it was by mistake that the first complaint was filed. It is claimed that this motion was made under section 2832, and that it should have been allowed on the ground

Carmichael vs. Argard.

that the first complaint was filed by mistake or excusable neglect. We are not satisfied that the plaintiff brought himself within the provisions of said section. It does not appear that the plaintiff or his attorney was, at the time of filing the first complaint, mistaken as to any of the facts upon which the plaintiff relied to obtain the relief sought. The only apparent mistake in the proceedings was a mistake as to the kind of proceeding which should be taken in order to obtain the relief sought. Upon the facts stated, the learned counsel for the plaintiff was of the opinion that the relief could be obtained in an action of ejectment, and therefore served a complaint in such an action. In this he was mistaken. In filing and serving the first complaint he did precisely what he intended to do, with a full knowledge of all the facts before him. The mistake was a mistake in applying the law to the facts. It was simply a mistaken opinion that, upon the facts known and stated, an action of ejectment could be maintained. We are unable to say that the court below abused its discretion in refusing to permit the plaintiff to cure such mistake of law by changing his cause of action from a purely legal one to one purely equitable. We do not deem it necessary to cite authorities for the purpose of showing that a party in the actual and exclusive possession of real estate cannot maintain an action of ejectment against a person not in possession who claims title thereto.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied September 27, 1881.