NORTON and others *v.* CITY OF DOVER.

*(Circuit Court, D. New Hampshire. October 31, 1882.)*

PRACTICE—AMENDMENT OF WRITS—TERMS.

While the practice in the state courts may enlarge the power of amendment in the federal courts, it cannot diminish such powers as are conferred by acts of congress.

*Caverly, Kevil & Wooleigh* and *Mr. Fish,* for plaintiffs.

*Mr. Mugridge, G. L. Roberts & Brother,* and *Mr. McLane,* (specially,) for defendant.

LOWELL, C. J. The writs in this and several other cases were made returnable on the eighth of October, 1882, which was Sunday, and by Rev. St. § 658, the term of the court began on Monday, the 9th. There can be no doubt that the writs were voidable and might be quashed on motion. Three unreported cases in this court, decided in 1876, are cited which establish that point. I am informed that in none of these cases the question argued here, whether such process can be amended, was passed upon by the court. In these cases the printed briefs contain a petition for leave to amend, as well as an argument upon the subject. Such a writ was held to be void and not amendable in *Wood* v. *Hill,* 5 N. H. 229, which was followed; *Bell* v. *Austin,* 13 Pick. 90; and that in *Brainard* v. *Mitchell,* 5 R. I. 111. The first of these decisions was explained in *Kelly* v. *Gilman,* 29 N. H. 385, as belonging to an exceptional class of cases in which the process was by assent of the person, and the general rule was said to be that a mistake in the return-day may be amended. In cases cited from Massachusetts and Rhode Island the defendants did not appear. If he does appear, though only to move to quash, the law of Massachusetts now is that the writ may be amended. *Hamilton* v. *Ingraham,* 121 Mass. 562; *McIniffe* v. *Wheelock,* 1 Gray, 600; *Fay* v. *Hayden,* 7 Gray, 41. I have found no law in New Hampshire precisely like this, but in my opinion the defect is amendable by the law of this state. See Gen. Laws 1878, c. 226, §§ 8, 9; *Kelly* v. *Gilman,* 29 N. H. 384; *Tandy* v. *Rowell,* 54 N. H. 384. If the defendant had not appeared justice would require that notice should be served on him. With such service, I have but little doubt of the power of a court of New Hampshire to permit an amendment. But, however this may be, the practice in New Hampshire, while it might enlarge our powers of amendment, cannot diminish those which are conferred upon us by the acts of congress. By Rev. St.

§ 948, any circuit or district court may, at any time in its discretion, and upon such terms as it may deem just, allow an amendment of any process returnable to or before it, where the defect has not prejudiced, and the amendment will not injure, the party against whom such process issues.

I am of opinion that an amendment of these writs will not prejudice defendants, who had due notice to appear on Sunday, and who did appear, though under protest, on Monday. *Hampton* v. *Rouse,* 15 Wall. 684; *Semmes* v. *U. S.* 91 U. S. 21; *McIniffe* v. *Wheelock,* 1 Gray, 600. The question, it must be remembered, is not whether the common law would have called these writs void or voidable, (though if that were the question it might be well maintained that they were voidable only,) but whether the statute of the United States is broad enough to include them in the class of processes which may be amended. Of this there is no doubt. As the writs were voidable, I think they should be amended on the terms of the plaintiff, taxing no costs up to the time of the amendment. Amendment on terms within 30 days.

NOTE. The circuit court may allow an amendment of a writ of error made returnable on a wrong day. *Semmes* v. *U. S.* 91 U. S. 21; *Woolridge* v. *McKenna,* 8 FED. REP. 663. A summons which did not issue cannot be amended by adding a seal and the signature of the clerk. *Dwight* v. *Merritt,* 4 FED. REP. 614; S. C. 18 Blatchf. 306; *Peaslee* v. *Haberstro,* 15 Blatchf. 472.—[ED.