## CARGAIN *v.* EVERETT.

*(Supreme Court, General Term, Second Department.*  December 14, 1891.)

1. ACTION ON CONTRACT—PARTIAL PERFORMANCE—RECOVERY FOR WORK DONE.
    Plaintiff agreed to paint a house for defendant for $100, material to be supplied by defendant. When the work was partially done the material gave out, and defendant neglected to supply more. *Held,* that plaintiff was entitled to recover a *per diem* compensation for the work done.

2. SAME—AMENDMENT OF COMPLAINT.
    In such case, to enable plaintiff to recover the *per diem* compensation, it was necessary to amend the complaint, the value of the work being therein alleged at an amount less than the proof on the trial showed. *Held,* that the amendment was properly allowed.

3. DRAWING JURORS—LAST LIST FILED WITH JUSTICE.
    A new jury-list had been prepared, but had not been filed with the justice by the town-clerk, and the justice drew a jury from the old list. *Held,* that the jury was properly drawn, under Laws 1889, c. 505, providing that the justice shall draw the jury from the last jury-list received by him from the town-clerk.

Appeal from Putnam county court.

Action by James Cargain, Jr., against William W. Everett. From a judgment of the county court affirming a judgment of a justice entered on the verdict of a jury, defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Odle Close,* for appellant.  *Clayton Ryder,* for respondent.

PRATT, J.  Plaintiff agreed to paint a house for defendant for $100, material to be supplied by defendant. When the work was partially done the material gave out. Defendant neglected to supply more, and, after waiting a reasonable time, plaintiff brought suit. He proved the number of days' work done, and that the reasonable value of a day's work was $2.50, and for the amount thus produced he recovered judgment. That was right. To enable him to recover that amount it was necessary to amend the complaint in which the value of the work was alleged at an amount less than the proof on the trial showed. That amendment was properly allowed. The justice drew the jury from the list which had been filed with him by the town-clerk. It appears that a new jury-list had been prepared, but not yet been filed with the justice by the town-clerk. Until thus filed it was the duty of the justice to draw the jury from the old list, being the one last filed with him. Laws 1889, c. 505.[1]  The appeal is without merit, and judgment is affirmed. All concur.

---

[1] Laws 1889, c. 505, amending Code Civil Proc. §§ 2990, 2991, provide that the town-clerk shall file with each justice in the town a certified copy of the list above referred to within 10 days after it is filed with him; and that in any civil action where a jury trial is demanded the justice shall draw 12 names from a box containing the names of the persons who are returned as jurors of the town to the courts of record of the county upon the last list thereof received by him from the town-clerk.