(7 Misc. Rep. 515.)

### ARRIGO v. CATALANO.

(Superior Court of Buffalo, Trial Term. January, 1894.)

PLEADING—AMENDMENT.

A complaint alleged that a certain sum was due for services performed at a certain rate of compensation, but it did not allege the time that plaintiff served. The evidence showed the time of service, making a larger sum than was stated in the complaint. *Held*, that an amendment of the complaint after verdict, increasing the amount of plaintiff's claim to conform to the proofs, did not "change substantially the claim."

Action by Francesco Arrigo against Pietro Catalano for goods sold and services rendered. Verdict was rendered in favor of plaintiff for an amount exceeding that demanded in his complaint, and he now moves to amend the complaint to conform to the proofs. Granted.

Achille J. Oishei, for plaintiff.

Harry D. Williams, for defendant.

TITUS, C. J. The plaintiff, in his complaint in this case, seeks to recover against the defendant for a certain macaroni machine sold by him, and a stove and other articles of personal property, and for work and labor performed for the defendant. The macaroni machine is stated to have been sold to the defendant for $200; that the stove and other articles were sold, and the price agreed upon at $30; that the plaintiff worked for the defendant, and performed extra work for him, at the agreed price of $1.25 per day of 10 hours; and that the whole of his work amounted to $57.63. On the trial the plaintiff withdrew the claim for the macaroni machine, of $200, and left the item of $30 for the stove and other articles, and the item of $57.63 for work, to be tried. The defendant now moves for a new trial, on the ground that under the complaint the plaintiff is only entitled to be allowed $87.63, being for the whole amount of work performed by him, and the whole amount agreed upon as the price of the property sold; and as the plaintiff, on the trial, by his own testimony only claimed for the whole amount of goods sold,—$25,—and, by his testimony, he has been paid this $25 for the stove and other articles, and $30 on account of work, making $55 in all, the verdict of the jury for $66.75 was not warranted by the facts shown nor by the claim stated in the complaint. No amendment to the complaint was made or asked for on the trial to conform it to the proof, but the plaintiff now asks that he be allowed to amend his complaint so as to conform it to the proofs, by setting out the whole amount of work per-

formed at 830 hours. It is not claimed that the verdict is authorized unless the complaint is amended. According to the plaintiff's testimony, he worked for the defendant 830 hours at 12½ cents an hour, which would amount to $103.75; he fixes the agreed price of the stove and other articles purchased, aside from the machinery, at $25,—thus making the entire bill which he claims the defendant owed him $128.75. He claims to have received, of this sum, $55 on his direct examination, and on his cross-examination $62, leaving, according to his testimony, $66.75, or, at the most, $73.75; so that the verdict of the jury would be sustained by the evidence of the plaintiff, if the court has power after verdict to allow the plaintiff to amend his complaint so as to conform to the proof; and this presents the only question to be disposed of.

The whole question of fact was gone into on the trial by both sides,—the amount of work done by the plaintiff, and payments made by the defendant,—and proofs made by parties for and against the plaintiff's claim, without objection, as fully as if the whole claim for the plaintiff's services had been set forth in the complaint. It is not apparent that any fact exists, bearing upon the question litigated, which was not brought out; nor is it claimed that the evidence would be different on a new trial, if a new trial is ordered. The plaintiff then might ask for leave to amend his complaint, and the court could allow it to be done upon such terms as would seem proper under the circumstances; and I can see no reason why the court should not now, to save the expense of further litigation, allow the complaint to be amended to conform it to the proof on the trial. The power to make such an amendment is expressly conferred upon the court on the trial, or after judgment, by section 723 of the Code. It provides that "the court may, upon trial or at any stage of the action, before or after the judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party   *   *   *   or when the amendment does not change substantially the claim or defense by conforming the pleading or other proceeding to the facts proved." This section of the Code has been liberally construed by the courts in allowing amendments to pleadings in furtherance of justice, and numerous cases have been before the various courts, where amendments of this character have been allowed, under the old Code as well as under the present one. By reference to the following cases, it will be seen that amendments of this character have been pretty generally allowed: Thomas v. Nelson, 69 N. Y. 118; Reeder v. Sayre, 70 N. Y. 180; Harris v. Tumbridge, 83 N. Y. 92; Fitch v. Mayor, etc., 88 N. Y. 500; Weil v. Martin, 24 Hun, 645; Evarts v. Accident Ass'n (Sup.) 16 N. Y. Supp. 27. The amendment proposed does not change the cause of action or raise a new issue, as it appears from the proof the plaintiff did not state in his complaint the whole number of days' labor, but instead stated the balance claimed to be due for labor which he had performed. This is the claim of the plaintiff upon this motion, and evidently such is the fact. The cases hold that while an amendment after the trial,

which changed the issues or set up a new cause of action, will not
be granted, yet, where the party omits to state all the facts to sus-
tain the verdict from the proof, the court has ample authority to
allow amendments.　It seems to me the ends of justice will be fur-
thered by allowing the amendment asked for by the plaintiff, but
I think it should be allowed on the condition that the plaintiff have
no costs after notice of trial.　This would allow no term fees or
trial fee, and no costs for proceedings after notice of trial.　An
order may be entered, allowing plaintiff's amendment, on condition
that no costs be taxed after notice of trial; otherwise, the motion
is denied, and a new trial granted, with costs to abide the event.