### OLIVER v. RAYMOND et al.

(Circuit Court, E. D. Wisconsin. May 15, 1901.)

PLEADING—AMENDMENTS—INTRODUCING ADDITIONAL CAUSE OF ACTION.

There is nothing in the federal statutes or practice, nor in those of Wisconsin, which precludes a federal court sitting in that state from permitting the amendment of a complaint in an action at law before answer to introduce an additional cause of action of the same nature, and growing out of the same transaction, and which might have been joined with that stated in the original complaint; and such amendment will be allowed, where it will be in furtherance of justice, and tend to prevent a multiplicity of suits.

At Law. On application for leave to amend complaint before answer.

Miller, Noyes & Miller, for plaintiff.
Ryan, Ogden & Bottum, for defendant.

SEAMAN, District Judge. The proposed amendment states an additional cause of action of the same nature and arising out of the same course of transactions alleged in the original complaint; and it is tendered, as I understand the situation, within the time when an amendment is allowable as of course under the state practice. That the plaintiff could have united in the original complaints this cause of action with the one therein set up is unquestionable, and its introduction here may save instituting a second action, tending "to a multiplicity of suits, which the law abhors." Stein v. Benedict, 83 Wis. 603, 611, 53 N. W. 891. Its allowance would seem to be "in furtherance of justice" between the parties, and should be granted, unless it is barred by the rules of practice governing this court. Section 2830, Rev. St. Wis. 1898, authorizes the allowance of amendments at the discretion of the court when the new allegations are "material to the case," with a provision that an amendment "conforming the pleading or proceeding to the facts proved" shall "not change substantially the claim or defense." Counsel for the defendant contends that the rule is well settled by decisions of the supreme court of Wisconsin that no amendment can be thus allowed which introduces a "new, separate, and distinct cause of action," and cites Newton v. Allis, 12 Wis. 378; Stevens v. Brooks, 23 Wis. 196; Wheeler v. Russel, 93 Wis. 136, 67 N. W. 43;

Geary v. Bennett, 65 Wis. 554, 27 N. W. 335. But in each of these cases the amendment proposed a change of the original cause of action, which was refused by the trial court, and such ruling was approved; in other words, it was not error to deny the motion under the circumstances disclosed. The strongest expression against such amendment is found in Stevens v. Brooks, supra,—that "a new and different cause of action cannot be substituted for that on which the action was commenced," except "under very extraordinary circumstances." Yet in Packet Co. v. Shaw, 37 Wis. 655, 19 Am. Rep. 781, and Vliet v. Sherwood, 38 Wis. 159, such amendments were sanctioned as just allowances, without unusual circumstances; and in Morgan v. Bishop, 61 Wis. 407, 21 N. W. 263, the general doctrine of liberality in that regard is clearly stated. On careful examination of the Wisconsin cases, I am satisfied that no ruling is intended to deprive the courts of discretion in the allowance or disallowance according to the circumstances, and that the early common-law doctrine against such amendments no longer prevails in this forum. In Tiernan v. Woodruff, 5 McLean, 135, Fed. Cas. No. 14,027, on review of the English and American authorities, the right to introduce a new independent cause of action is clearly upheld; and this decision is cited with approval in the opinion by Mr. Justice Swayne in Tilton v. Cofield, 93 U. S. 163, 166, 23 L. Ed. 858, as so holding. The same view is maintained in Bowen v. Bank (C. C.) 79 Fed. 49, and is well exemplified in Hatch v. Bank, 78 N. Y. 487, Mason v. Whitely, 4 Duer, 611, and Freeman v. Webb, 21 Neb. 160, 31 N. W. 656. In Bowden v. Burnham, 8 C. C. A. 248, 251, 59 Fed. 752, it is remarked that the right to allow amendments is conferred by section 954, Rev. St. U. S., and "exists quite independently of any state statute"; and in Erstein v. Rothschild (C. C.) 22 Fed. 61, the exhaustive opinion by Mr. Justice Matthews is of like effect. I am of opinion, therefore, that no rule of practice stands in the way of this amendment, and that it is just and equitable to have a single trial of the issues tendered by both of the alleged causes of action. The amendment will be allowed accordingly.