## MANITOWOC MALTING CO. v. FUECHTWANGER et al.

(Circuit Court, E. D. Wisconsin. May 15, 1909.)

1. PLEADING (§ 236*)—AMENDMENT—STATE LAW.

   Wis. St. 1898, § 2830, provides that the court may on the trial, or at any other stage of the action before or after judgment, in furtherance of justice, and on such terms as may be just, amend any process, pleading, or proceeding by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. *Held* that, under such section as construed by the highest state court, the only limitation of judicial power to allow an amendment to the complaint is that plaintiff's "claim" shall not be substantially changed and that sound discretion shall not be overstepped.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*

   Following state practice, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

2. COURTS (§ 347*)—FEDERAL COURTS—PLEADINGS—AMENDMENT.

   Congress having itself legislated on the subject of amendments to pleadings by enacting Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), regulating such subject, the federal courts are not bound to follow the state courts in their construction of local statutes regulating the amendment of pleadings in suits at law.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

3. COURTS (§ 347*)—AMENDMENT—AMOUNT DEMANDED.

   Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), provides that no declaration in a civil cause shall be abated for any defect or want of form, but the court shall give judgment according to the right of the cause, and shall amend every defect and want of form other than those which a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

party demurring so expresses, and may permit either of the parties to amend any defect on such conditions as it shall in its discretion and by its rules prescribe. *Held,* that a federal court under such section was authorized in the exercise of judicial discretion to permit an amendment, after trial, of the ad damnum clause of plaintiff's complaint, so as to raise the amount sued for to conform to the proof.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. § 347.*]

4. PLEADING (§ 245*)—AMENDMENT—DAMAGES DEMANDED—ESTOPPEL.

Plaintiff's failure to apply for the amendment of the ad damnum clause of its complaint, so as to raise the amount sued for to conform to the proof, when the court announced, while answering an interrogatory of a juror, after submission of the cause, that plaintiff would in the end be limited to the amount named in such clause, did not estop plaintiff from asking permission so to amend after verdict, defendants not having changed their position to their prejudice by plaintiff's conduct.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 667; Dec. Dig. § 245.*]

5. PLEADING (§ 245*)—AMENDMENT—DAMAGES.

Plaintiff sued for breach of a contract by which defendants agreed to furnish plaintiff 400,000 bushels of barley during the year 1907 and 1908, which plaintiff agreed to malt at 13½ cents a bushel. Defendants defaulted in shipments to the amount of 322,000 bushels, whereupon plaintiff sued for damages in the sum of $10,000. At the trial it was shown that the cost of malting to plaintiff was $.06784 per bushel, and that the damages actually sustained were $21,664.54, for which amount a verdict was returned. *Held,* that plaintiff was entitled to leave to amend the ad damnum clause of its complaint after verdict to conform to the proof, there being no showing that they had been injured or misled, or that they had any additional proofs which would lead to a different result on a second trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 667; Dec. Dig. § 245.*]

## At Law.

This is a common-law action for damages predicated upon a written contract whereby the defendants agreed to furnish to the plaintiff corporation at its malthouse in Manitowoc 400,000 bushels of barley to be malted during the season of 1907–08. The plaintiff agreed to malt this barley at the stipulated price of 13½ cents per bushel. The contract provided for monthly deliveries of malt and monthly payments of the stipulated commission. The evidence showed beyond dispute that the defendants were in default in their shipments of barley, under the contract, to the amount of 322,000 bushels. The action was brought by the plaintiff for damages.

The court charged the jury that, in case the plaintiff was entitled to recover at all upon the first cause of action, its measure of damages would be the difference between the stipulated commission of 13½ cents per bushel and the actual cost that would have been incurred by the plaintiff in manufacturing the 322,000 bushels as to which the defendants were in default. We lay aside other issues raised by the defendants to the first cause of action.

The jury found, in answer to a special question propounded by the court, that the cost per bushel of manufacturing this barley into malt at the plaintiff's plant would have been $.06784 per bushel. This finding was clearly established by evidence that was admitted without objection. It is apparent that upon this basis the plaintiff would be entitled to recover $21,664.54. No motion was made to increase the ad damnum clause. The jury having returned for further instructions, the following dialogue took place between court and counsel:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mr. Schwartz, a juror, inquired: "We would like to know the amount of damages in the first cause of action, claimed by the plaintiff. The Court: Well, I suppose that would be a limit on the plaintiff's recovery; would it not, gentlemen" (addressing the bar)? Mr. Nash (one of the attorneys for the plaintiff): Do I understand that the inquiry is what the pleadings show? The Court: The jury want to know what your demand is, which, of course, they would not have any business to know unless it imposes a limitation. The judgment could not exceed the demand. I don't know that it has any reference to the verdict. Mr. Nash: I do not remember whether I stated the amount in my opening statement. Counsel generally do, and if I had thought of it I should probably have stated it to the jury when I made my opening statement. But I cannot see that we have any objections to the court reading what the complaint demands in that respect. The Court: I would not do it without the consent of both counsel. I have no copy of the complaint here. If counsel on both sides have no objection, I will answer that question to the jury; otherwise, I will not. (Mr. Nash hands to the court a copy of the complaint). Mr. Eschweiler: I can see no objection to the jury being informed of the condition of the pleadings; they are matters of record. The Court: Still, of course, the jury ought to find their verdict from the evidence. But if the plaintiff has limited itself by its ad damnum clause, it would have to meet that limit when we reach the question of judgment. The Court (addressing the jury): By consent of counsel, gentlemen, I am permitted to instruct you that the ad damnum clause under the first cause of action is for $10,000."

The jury then retired, and after due deliberation returned a verdict for the plaintiff upon the first cause of action for $21,664.54.

After verdict the plaintiff comes and moves the court for leave to amend the ad damnum clause of the first cause of action by substituting $21,664.54 for and instead of $10,000. The sole question involved here is whether the court has power to allow the amendment at this time, and whether, conceding the existence of such power, it would amount to an abuse of discretion.

Nash & Nash and Spooner & Ellis, for plaintiff.
F. C. Eschweiler and W. H. Timlin, Jr., for defendants.

QUARLES, District Judge (after stating the facts as above). We are met at the outset with the contention that under section 914 of the Federal Statutes (U. S. Comp. St. 1901, p. 684), commonly known as the "Conformity Act," the federal court is bound to adopt the construction imposed by the Supreme Court of Wisconsin upon the Wisconsin statutes relating to variance and amendments of pleadings, and that therefore the case of Pierce v. Northey, 14 Wis. 9, 17, should be accepted as decisive of the present motion. In that case the Supreme Court held that the ad damnum clause ought not to be amended after verdict except upon condition of a new trial. It may be fair to say that the court gave slight consideration to the underlying principles, and made no reference to the Wisconsin statutes on the subject, and indulged in no discussion except to say: "This was the rule before the Code, and the reasons for it still exist." This case has never been formally overruled. Indeed, it has never been cited to this point, while the same court in numerous later decisions has construed the Wisconsin statutes in such manner as to practically ignore and discredit the doctrine of this early case.

The sections of the Wisconsin Statutes of 1898 that bear upon the pending proposition are sections 2669 and 2670, which do away with the old rule as to variance, and section 2830, which is the

general statute governing amendments. Section 2830 provides as follows:

"The court may upon the trial or at any other stage of the action, before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding * * * by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Without referring to the many cases in Wisconsin where these statutes have been construed, it will be sufficient to cite Carmichael v. Argard, 52 Wis. 607, 9 N. W. 470, and the later case of Gates v. Paul, 117 Wis. 170, 182, 94 N. W. 55, where the court, after reviewing the authorities, distinctly hold that the only limitation of judicial power, under section 2830, as to allowing a complaint to be amended, is that the "claim" of the plaintiff shall not be substantially changed, and sound discretion in the matter shall not be overstepped, and that such amendment may be ordered either before the trial, at the trial, or after the trial.

It is apparent that the amendment here proposed does not substantially change the "claim" of the plaintiff within the meaning of this statute. So that, under the interpretation given to the Wisconsin statutes by the highest tribunal of the state, it seems clear that the state law presents no obstacle in the way of the amendment proposed. See, also, Hansen v. Allen, 117 Wis. 61, 93 N. W. 805.

Plaintiff's counsel cite the following cases where the court, under similar statutes, have permitted the ad damnum clause to be amended during the trial or after verdict, so as to allow the entry of a larger judgment than that demanded by the complaint. Cain v. Cody (Cal.) 29 Pac. 779; Billingsley v. Dean, 11 Ind. 331; McClannahan v. Smith, 76 Mo. 428; Davis v. Smith, 14 How. Prac. (N. Y.) 187; Knapp v. Roche, 62 N. Y. 614; Cargain v. Everett, 62 Hun, 620, 16 N. Y. Supp. 668; Arrigo v. Catalano, 7 Misc. Rep. 515, 27 N. Y. Supp. 995; Givens v. Porteous, 2 McCord (S. C.) 48. The state courts do not all subscribe to this doctrine, but as the several statutes vary, it would be unprofitable to consider them at length.

But we are not content with the proposition that the federal court is bound to follow the state courts in their construction of local statutes regarding the amendment of pleadings. Congress has itself legislated on this subject, and in 1789 incorporated into the original judiciary act a section which has ever since remained unchanged upon the statute book, and is now known as section 954, Rev. St. (U. S. Comp. St. 1901, p. 696). This section reads as follows:

"No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed, or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding any such defect, or want of form, except those which, in cases of demurrer, the party demurring specifically sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall in its discretion and by its rules, prescribe."

This was a bold and radical departure from the common-law, which has been many times commended by the Supreme Court as a most wise and beneficient advance in the interest of justice.

In 1872 sections 914, 918, and 948, Rev. St. U. S. (U. S. Comp. St. 1901, pp. 684, 685, 695), bearing upon the same subject, were introduced in the Senate by Senator Carpenter, and the language of section 948, which empowers any Circuit or District Court, to allow in its discretion, and upon such terms as it may deem just, any amendment of any process, pleading, etc., where the defect has not prejudiced and the amendment will not injure the opposite party, indicates that the amendment was based upon the Wisconsin statute.

These several enactments of Congress constitute a federal system of amendment, and it has been held that these several congressional enactments must be construed together, because in pari materia.

In Van Doren v. Pennsylvania Railway Co., 93 Fed. 260, 35 C. C. A. 282, the Circuit Court of Appeals of the Third Circuit laid down this doctrine in a case where the amendment of the declaration was ordered after verdict, in a case arising in New Jersey, where the state statutes, as construed by the Supreme Court of New Jersey, did not tolerate such an amendment.

In O'Connell v. Reed, 56 Fed. 531, 5 C. C. A. 586, the Circuit Court of Appeals of the Eighth Circuit, in discussing this question, say:

"But, on the other hand, the courts of the United States are not subordinate to the courts of the states. They constitute an independent judiciary system, the judges of which do not derive their powers from the states, nor can the legislation of the states, or the decisions of their courts, determine the limits of those powers, or prescribe the duties their exercise imposes. * * * It was not the intention of Congress to require, by the passage of this act of conformity, the adoption by the Circuit Courts of any rule of pleading, practice, or procedure enacted by state statute, or announced by the decision of a state court, which would enlarge or restrict the jurisdiction of the federal courts, or prevent the wise administration of the law in the light of their own system of jurisprudence, as defined by their own Constitution, as tribunals, and the acts of Congress upon that subject. On the other hand, that act expressly reserves to the judges of those courts the right, and, we think, imposes upon them the duty, in the exercise of a wise judicial discretion, to reject any statute, practice, or decision that would have such an effect."

The Court of Appeals for the Eighth Circuit, in McDonald v. State, 101 Fed. 171, 177, 41 C. C. A. 278, 284, speaking of section 954, Rev. St., say:

"This act emancipated the judicial department of the government from the shackles of artificial and technical rules which had theretofore been interposed to obstruct the administration of justice, as completely as the Revolution had emancipated the political department of the government from foreign dominion. This was done by investing the federal courts with plenary power to remove by amendment all such impediments to the attainment of justice"— citing Mr. Justice Story's opinion in Matheson v. Grant, 2 How. 263, 11 L. Ed. 261.

See, also, Davis v. Railway (C. C.) 32 Fed. 863, where the ad damnum clause was amended to save the jurisdiction of the court.

Numerous decisions of the Supreme Court have settled the law that whenever Congress has legislated upon any matter of practice, and prescribed a definite rule for the government of its own courts, it is

to that extent independent of the legislation of the state upon the same subject-matter. S. Pac. Co. v. Denton, 146 U. S. 202, 209, 13 Sup. Ct. 44, 36 L. Ed. 942; Luxton v. N. River Bridge Co., 147 U. S. 337, 13 Sup. Ct. 356, 37 L. Ed. 194; Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602; St. Clair v. United States, 154 U. S. 134, 153, 14 Sup. Ct. 1002, 38 L. Ed. 936; Mexican Ry. Co. v. Duthie, 189 U. S. 76, 23 Sup. Ct. 610, 47 L. Ed. 715.

In a great variety of cases the Circuit Courts of the United States have furnished practical illustrations of this doctrine. In Norton v. Dover (C. C.) 14 Fed. 106, Judge Lowell holds that the practice in New Hampshire, while it might enlarge our powers of amendment, cannot diminish those that are conferred upon us by the acts of Congress. See, also, Erstein v. Rothschild (C. C.) 22 Fed. 61, 64. As an instance of the application of this principle, we may refer to: Railway Officials v. Wilson, 100 Fed. 370, 40 C. C. A. 411; Montana Mining Co. v. St. Louis Mining Co., 147 Fed. 897, 906, 78 C. C. A. 33; Maddox v. Thorn, 60 Fed. 217, 8 C. C. A. 574; De Valle v. S. Pac. Ry. (C. C.) 167 Fed. 654, 657.

Great stress was laid in the argument upon the early decision of Judge Blatchford in Elting v. Campbell, 5 Blatchf. 183, Fed. Cas. No. 4,422, which is similar in its facts to the instant case, where the old rule was adhered to as in the early Wisconsin Case above referred to. But the learned judge makes it known that his ruling was predicated upon the practice of the state of New York under the statute of 1821, and it is a significant fact that no reference is made in the opinion to any of the federal statutes of amendment whose function was to modify the old rule. For this reason, the case is not persuasive as an authority.

I feel, therefore, no hesitancy in holding that, whether the statutes of Wisconsin or the enactments of Congress be adopted as controlling, there is no impediment to bar the exercise of judicial discretion to which the pending motion appeals.

The remaining question, therefore, is whether the relief asked for can be granted without an abuse of judicial discretion. It will be noted that section 948 of the Revised Statutes of the United States and likewise sections 2669 and 2670 of the Wisconsin Statutes of 1898, provide in substance that this discretion shall be exercised only when the defect has not prejudiced, and the amendment will not injure, the opposite party; and the Wisconsin statute provides specifically that the party claiming surprise or prejudice must make the fact appear to the satisfaction of the court.

The only consideration urged by defendants' counsel bearing upon this matter of discretion is that the conduct of plaintiff's counsel, when the jury returned for further instruction, amounted to a waiver of the right to amend. The court having announced that the plaintiff would in the end be limited by the amount named in the ad damnum clause, but that the jury should proceed to a verdict on the evidence, it is contended that it was the duty of the plaintiff then and there to apply for an amendment, if desired at all; and that, having acquiesced in allowing the case to go to the jury while its claim was for $10,000, it has foreclosed itself from now asking to enlarge its

demand. There would be force in this suggestion if the defendants, relying on the conduct of the plaintiff, had changed their position to their prejudice. But the case was already in the hands of the jury, and nothing occurred which seems to lay the foundation for any claim of estoppel, and I cannot see that defendants got any vested right in the mistake of their opponent. No exception has been reserved to any suggestion made by the court in response to the request of the jury.

On the other hand, it is contended that the defendants by their silence practically waived the right to make the present objection. It is urged that they might have asked an instruction then and there that the jury could not return a verdict under the first cause of action for a larger sum than $10,000, and the court would have been obliged to so instruct. But no such instruction was asked. It is urged that the defendants thus practically acquiesced in the suggestion of the court that the jury should base their verdict on the evidence. It is clear that, if this instruction had been asked by the defendants, it would have driven the plaintiff to amend instanter, or to accept a verdict within the limit of its ad damnum clause. But as both parties remained silent, it may well be claimed that each was willing to take the chances of the situation, and that neither has any just cause of complaint. Defendants' counsel may have concluded that, inasmuch as the jury were informed that the plaintiff had limited its claim to $10,000 on the first cause of action, the chances were that the jury would accept the limitation, and that it was not wise to force an amendment which would result in giving the jury wider scope. Perhaps the course pursued by defendants' counsel would be indorsed by skillful trial lawyers as sagacious. Whatever may have been the motives that actuated either counsel, the basic fact remains that the motion is to make the complaint conform to the proofs. The verdict is fully justified by the evidence. There was really only one contested question on the first cause of action. It was conceded that defendants were in default under the contract to the extent of 322,000 bushels. The malting commission was fixed by the contract at 13½ cents. There was practically no dispute that the measure of damages was the difference between the contract price per bushel and the actual cost per bushel of manufacturing the barley into malt. The cost of manufacturing was therefore the only unknown quantity in the equation. The proof offered by the plaintiff on this subject was received without objection, but the case was thoroughly contested. The proofs of the plaintiff were elaborate and complete, tending to show that the cost of manufacture was $.06784 per bushel, and the jury adopted this proof as satisfactory. There was nothing different that the jury could do under the evidence, unless they arbitrarily adopted the amount named in the ad damnum clause. No showing has been made by defendants that they have any additional proofs which would lead to a different result upon a second trial, nor has it been made to appear that the defendants have been injured or misled to their prejudice. In other words, the defendants have not brought themselves within the only restriction imposed upon the discretion of the court by either state or federal enactment. On the record as it stands, on the

merits, the plaintiff is entitled to the verdict which the jury returned.

Under these circumstances, I cannot see my way clear to grant a new trial as a condition to allowing the amendment.

The motion must therefore be granted, and it is so ordered.