## IN THE MATTER OF FRANCIS LEVY OUTFITTING COMPANY, LIMITED, AN ALLEGED BANKRUPT.

### February 6, 1912.

*Bankruptcy—Process, subpoena—Return day:* In determining the return day of the writ of subpoena, it is erroneous to exclude intervening Sundays in counting the fifteen days prescribed by the Bankruptcy Act, sec. 18, subdiv. a.

*In Bankruptcy:* Motion to quash service of subpoena.

*C. F. Peterson* for the motion.

*Thompson, Wilder, Watson & Lymer* for petitioning creditors.

CLEMONS, J. The respondent, having been served with subpoena returnable on a date seventeen days after issuance, appears specially and moves to quash the subpoena and service thereof on the ground that the subpoena was not made returnable as required by law and that therefore the

court has no jurisdiction of the cause or of the respondent. The only order of the court was that process issue as prayed for; there was no special order fixing the return day for a time longer than the statutory fifteen days distant, but, as it is understood, the clerk in reckoning the time excluded two intervening Sundays and counted only the business days of the week,—a method of reckoning contrary to the usual rule. See *Patchin v. Bonsack*, 52 Mo. 431, 434.

The statute provides that process "shall be returnable within fifteen days, unless the judge shall for cause fix a longer time." Bankruptcy act of 1898, sec. 18, subdiv. a, 30 Stat. 551. In passing, the error may be noted, of Mr. Collier's work on bankruptcy, cited by counsel, in quoting this provision with substitution of the word "shorter" for "longer." 8 ed. (1910), page 343; 7th ed. (1908), page 343. The word "within" in the phrase "within fifteen days," fixes the return day at some time before the expiration of fifteen days. See *Hower v. Krider*, 15 Serg. & R. (Pa.) 43. There is no question that such is the ordinary, and probably exclusive, meaning of the word. In speaking of linear measure, for example, it is clear that "within fifteen feet" does not mean more than fifteen feet, or necessarily, exactly fifteen feet, but means any distance of fifteen feet or less.

The requirement of the court's special order for any extension of the period, emphasizes the intent of Congress to fix the return day as a rule at not over fifteen days distant.

The subpoena is, therefore, not within the provisions of law. The motion to quash is, accordingly, granted.

The granting of the motion does not, however, dispose of the petition, over which the court still has jurisdiction, and the court, in the absence of any showing of prejudice to the respondent, will entertain a motion for issuance of a new summons and order to show cause, returnable on the next customary day of the week for the hearing of bankruptcy matters, which would be four days from date hereof. This procedure avoids obvious technical difficulties which would

arise from attempting to amend the process,—for the return day could not, for instance, be fixed for a day which is now past, the statutory fifteen days from date of issuance, and it could not, under the statute, be fixed at a future day more than fifteen days from issuance without "cause" and a showing of cause. The power of the court to amend is given by statute: Revised Statutes, sec. 948; *Norton v. Dover,* 14 Fed. 106; and the issuance of a new subpoena amounts to practically the same thing, and is within the court's power apart from the statute of amendments. *Adams v. State,* 9 Ark. 33, 36; *Barndollar v. Patton,* 5 Colo. 46; *McAlpin v. Jones,* 10 La. Ahn. 552, 553.

It may be well, also, while considering the subject of return day, to suggest here as safe practice that where it is desired to fix the return day at a time *less* than fifteen days distant, the special order of the court be had, thus avoiding any question whether the clerk who issues the process has any discretion in such case. See *Hower v. Krider,* supra.

----

*Reported,* 29 Am. B. R. 13.

See *In re Angus P. McDonald,* post, regarding return day as the day of the marshal's return of process.